J-S26031-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| LARRY L. WALTERS | |
| Appellant | No. 279 MDA 2016 |

Appeal from the PCRA Order January 15, 2016
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s):  CP-21-CR-0000104-2013

BEFORE: BOWES, DUBOW, and FITZGERALD [*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED JULY 10, 2017**

Appellant, Larry L. Walters, appeals from the order dismissing his first Post Conviction Relief Act[1] ("PCRA") petition.  Appellant alleges ineffective assistance of counsel.  Appellant's counsel, Allen C. Welch, Esq., has filed a motion to withdraw and a ***Turner***/***Finley***[2] "no merit" letter.  We affirm and grant counsel's motion to withdraw.

The facts underlying Appellant's conviction are not relevant to our disposition.  A jury convicted Appellant of harassment,[3] and on February 11, 2014, the trial court sentenced him to two to twenty-three months'

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[3] 18 Pa.C.S. § 2709(a)(7)

imprisonment with credit for time served. Appellant timely appealed. While his appeal was pending, however, the trial court attempted to amend Appellant's sentence on January 12, 2015, to two to twelve months' imprisonment. Thereafter, this Court affirmed Appellant's conviction, but vacated his judgment of sentence and remanded for resentencing based on an original illegal sentence. Thus, on February 24, 2015, the trial court resentenced Appellant to two to twelve months' imprisonment with credit for time served in prison and on parole.[4] Appellant thereafter remained on parole until April 27, 2015, when his sentence expired.

Meanwhile, on March 30, 2015, Appellant filed a *pro se* PCRA petition, in which he argued ineffective assistance of counsel. The PCRA court appointed counsel and ordered him to file an amended petition. The Commonwealth filed a motion to dismiss. The PCRA court conducted a hearing on the motion and dismissed Appellant's petition on January 15, 2016. Despite being represented by counsel, Appellant submitted a *pro se* filing on Tuesday, February 16, 2016, which the PCRA court treated as a notice of appeal.[5] The PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant complied through counsel.

---

[4] Appellant was on parole at the time of resentencing.

[5] We note that Monday, February 15, 2016, was President's Day. Thus, Appellant's notice of appeal was timely filed. *See* 1 Pa.C.S. § 1908.

Thereafter, this Court remanded on two separate occasions for the PCRA court to determine if counsel had abandoned Appellant on appeal. The PCRA court concluded counsel still represented Appellant. Counsel subsequently filed a *Turner*/*Finley* "no merit" letter and a motion to withdraw with the PCRA court asserting that Appellant was ineligible for relief because his sentence had expired. On December 8, 2016, the PCRA court permitted counsel to withdraw and issued Pa.R.Crim.P. 907 notice to reaffirm its January 15, 2016 dismissal of Appellant's petition. However, this Court entered an order on December 29, 2016, which vacated the PCRA court's order granting counsel's motion to withdraw and stated that his *Turner*/*Finley* letter would be accepted in this Court as Appellant's brief. On December 30, 2016, Appellant filed a *pro se* brief in response.

As a preliminary matter, we must address counsel's motion to withdraw. "Before an attorney can be permitted to withdraw from representing a petitioner **under the PCRA**, Pennsylvania law requires counsel to file and obtain approval of a 'no-merit' letter pursuant to the mandates of *Turner*/*Finley*." *Commonwealth v. Karanicolas*, 836 A.2d 940, 947 (Pa. Super. 2003) (citation omitted).

> [C]ounsel must . . . submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

- 3 -

J-S26031-17

*Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007). Counsel must also send the petitioner a copy of the "no-merit" letter and the motion to withdraw, and advise the petitioner of his right to proceed *pro se* or with new counsel. *Id.*

Instantly, counsel filed a *Turner/Finley* "no-merit" letter and a separate motion to withdraw as counsel. Counsel's letter indicated that he intended to withdraw as Appellant's counsel, that he was sending Appellant a copy of his "no merit" letter and motion to withdraw, and that he was sending Appellant a letter informing him that his appeal was frivolous but he could retain counsel for further review.[6] Counsel's "no merit" letter also discussed why Appellant's ineffectiveness claims did not merit relief. Thus, counsel has complied with the *Turner/Finley* requirements. *See id.* Accordingly, we proceed to an independent evaluation. *See Commonwealth v. Widgins*, 29 A.3d 816, 819-20 (Pa. Super. 2011) (stating court must conduct an independent review and agree with counsel that the issues raised were meritless).

In his *pro se* brief, Appellant baldly asserts that both trial and PCRA counsel were ineffective. However, because Appellant has not established

---

[6] Although counsel did not provide evidence of his letter and notification to Appellant, this Court's December 29, 2016 order stated that Appellant could file a *pro se* response to counsel's petition. Appellant subsequently responded *pro se* on December 30, 2016.

that he is still serving his sentence, we shall not address the merits of his ineffectiveness claims.

The PCRA provides:

> **(a)**  **General rule.—**To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> > (1)  That the petitioner has been convicted of crime under the laws of this Commonwealth and is at the time relief is granted:
> >
> > > (i)  currently serving a sentence of imprisonment, probation or parole for the crime;
> > >
> > > (ii)  awaiting execution of a sentence of death for the crime; or
> > >
> > > (iii) serving a sentence which must expire before the person may commence serving the disputed sentence.

42 Pa.C.S. § 9543(a)(1)(i)-(iii); *see Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997); *Commonwealth v. Fisher*, 703 A.2d 714, 717 (Pa. Super. 1997) (holding PCRA does not afford relief to petitioners whose only outstanding sentence is payment of fines).

In *Ahlborn*, our Supreme Court considered "whether one who has filed a PCRA petition while serving a sentence of imprisonment remains eligible for relief in the event that, prior to any final adjudication of the petition, he is released from custody." *Id.* at 719.  In that case, the petitioner filed a PCRA petition while he was serving his sentence, but completed his sentence before the PCRA court ruled on the petition. *Id.*

The PCRA court dismissed the petition on the ground that "relief is available only to persons still serving sentences of imprisonment, probation, or parole." *Id.* On appeal, our Supreme Court affirmed. *Id.* at 721. The *Ahlborn* Court reasoned that the phrase "currently serving a sentence" in Section 9543(a)(1)(i) "clearly contemplates that the petitioner will be serving a sentence at both the pleading and proof stages of the proceeding." *Id.* at 720. Thus, "the denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the statute." *Id.*

Here, the record indicates that Appellant finished serving his sentence on April 27, 2015. Therefore, Appellant has failed to establish that he was still serving his sentence at the time the PCRA court dismissed his petition on January 15, 2016. Thus, the PCRA court properly dismissed his petition. *See* 42 Pa.C.S. § 9543(a)(1)(i); *Ahlborn*, 699 A.2d at 719-21; *Fisher*, 703 A.2d at 717. Accordingly, we affirm the PCRA court's order dismissing Appellant's petition and grant counsel's motion to withdraw.

Order affirmed. Counsel's motion to withdraw granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/10/2017

- 6 -