**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Frederick W. FISHER, Jr. Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 14, 1997.

Filed Dec. 9, 1997.

---

John J. Martin, Honesdale, for appellant.

Mary B. Seiverling, Deputy Atty. Gen., Harrisburg, for Com., appellee.

Before CIRILLO, President Judge Emeritus, and SCHILLER and HOFFMAN, JJ.

SCHILLER, Judge.

Appellant, Frederick W. Fisher, Jr., appeals from the order entered by the Court of Common Pleas of Monroe County denying his petition for post-conviction relief. We affirm.

FACTS:

In January 1993, following a jury trial, appellant was convicted of nine counts of wiretapping.[1] He was sentenced to eleven and one-half to twenty-three months county imprisonment on the first count, and fined $15,000 on each of the remaining eight counts, for a total fine of $120,000. On appeal, this Court vacated the fines and remanded for a determination of whether appellant could afford to pay the fines. *Commonwealth v. Fisher*, 434 Pa.Super. 716, 643 A.2d 703 (1994), *alloc. denied*, 539 Pa. 675, 652 A.2d 1320 (1994), *cert. denied*, 514 U.S. 1084, 115 S.Ct. 1796, 131 L.Ed.2d 723 (1995). On March 20, 1995, appellant was resentenced and order to pay $120,000 in fines as before. This Court affirmed that sentence on direct appeal. *Commonwealth v. Fisher*, 449 Pa.Super. 695, 673 A.2d 401 (1995).

On January 17, 1997, appellant filed a "Petition for Writ of Coram Nobis and for Relief under the Post Conviction Relief Act."[2] The Commonwealth responded that appellant was not eligible for post-conviction relief because

he had completed serving his sentence. The trial court agreed, and on February 6, 1997 dismissed appellant's petition on that basis. This appeal followed.

DISCUSSION:

Appellant now raises one issue: whether the trial court erred in dismissing his PCRA petition on the ground that appellant had completed serving his sentence.

At issue here is the Post Conviction Relief Act [PCRA], 42 Pa.C.S. § 9541 *et seq.* The relevant section provides:

(a) General rule—To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is:

(i) currently serving a sentence of imprisonment, probation or parole for the crime;

(ii) awaiting execution of a sentence of death for the crime; or

(iii) serving a sentence which must expire before the person may commence serving the disputed sentence.

42 Pa.C.S. § 9543(a)(1).

Appellant posits two arguments concerning his eligibility for post-conviction relief. First, he maintains that he never completed serving the sentence at issue because in April, 1996, after serving twenty months on this conviction in a county institution, he was moved to a state institution to begin serving a different sentence; this new sentence was a **concurrent** sentence[3] of approx-

---

1. 18 Pa.C.S. § 5703.

2. This petition was treated solely as one filed under the Post Conviction Relief Act [PCRA], 42 Pa.C.S. § 9541 *et. seq.*, as the Writ of Coram Nobis has been subsumed under the PCRA. *See* 42 Pa.C.S. § 9542; *Commonwealth v. Fiore*, 445 Pa.Super. 401, 665 A.2d 1185 (1995), *alloc. denied*, 544 Pa. 623, 675 A.2d 1243 (1996).

3. We note that we do not have the record before us of the Pike County case. However, the Commonwealth has averred that the Pike County court did not specify whether that sentence

should run concurrent or consecutive to the Monroe sentence, and thus argues that the sentences should be deemed to run concurrent. We agree, as the law is settled that if the sentencing court does not indicate that a new sentence is consecutive to a prior sentence, it is deemed to run concurrent. 42 Pa.C.S. § 9757; Pa. R.Crim.P. 1406; *Commonwealth ex. rel. Woods v. Howard*, 249 Pa.Super. 428, 378 A.2d 370 (1977). This was the basis of the PCRA Court's conclusion. Thus, it is the law of the case that appellant's sentence in the Monroe County case has been completed.

imately eleven to twenty-three years imprisonment arising out of a separate prosecution in Pike County involving fraudulent real estate transactions.[4] Appellant has been serving that sentence in a state institution since April, 1996.

This court has repeatedly held that § 9543(a)(1) of the statute was intended "to preclude relief for those whose sentences have expired." *Commonwealth v. Pierce*, 397 Pa.Super. 126, 131, 579 A.2d 963, 966 (1990), *alloc. denied*, 527 Pa. 609, 590 A.2d 296 (1991). *Accord Commonwealth v. Hayes*, 408 Pa.Super. 68, 596 A.2d 195 (1991) (*en banc*), *alloc. denied*, 529 Pa. 646, 602 A.2d 856 (1992). *See also Commonwealth v. Ahlborn*, 548 Pa. 544, 699 A.2d 718 (1997). As the maximum time that appellant was sentenced for this crime, twenty-three months, has since expired, and the subsequent sentence was a **concurrent** sentence, thereby allowing appellant to complete serving the Monroe sentence while at the same time serving Pike sentence, it is clear that appellant has completed serving the Monroe sentence at issue.

■ Appellant maintains that he should nonetheless be entitled to PCRA relief because there exists "collateral consequences of the Order in question." Appellant's brief at 11. He cites *Commonwealth v. Rohde*, 485 Pa. 404, 402 A.2d 1025 (1979), for the proposition that a petition for post-conviction relief is not moot where the petitioner can show collateral consequences as a result of his conviction. However, *Rohde* was interpreting a predecessor to the PCRA, the Post Conviction Hearing Act of 1966.[5] This Court has since interpreted the Post Conviction Relief Act to preclude relief for those petitioners whose sentences have expired, regardless of the collateral consequences of their sentence. *Commonwealth v. Pierce*, *supra*; *Commonwealth v. Hayes*, *supra*. As a result, appellant's collateral consequences argument must fail.

■ Appellant also argues that he has not completed serving his sentence because he has not yet paid the $120,000 in fines. These fines were imposed in lieu of imprisonment for eight counts of his wiretapping conviction.[6] This appears to be a question of first impression in Pennsylvania, but it is one that is easily answered by reference to the statutory language. The PCRA only affords relief to those who are "currently serving a sentence of **imprisonment, probation or parole** for the crime." 42 Pa.C.S. § 9543(a)(1)(i) (emphasis added). By specifically limiting its scope to those sentences involving imprisonment, probation or parole, the PCRA does not provide relief to those petitioners whose only sentence is a fine. Had the statutory language read, "currently serving a sentence for the crime," then appellant's contention would be more colorable, for then the statute would not limit the types of sentences eligible for PCRA relief. However, the clear language of the "currently serving" requirement as it is written precludes relief for those petitioners whose only uncompleted aspect of their sentence is the payment of a fine.[7]

4. This was the sentence imposed after remand from this Court, which vacated on sufficiency grounds a conviction for corrupt organizations but affirmed the remainder of appellant's convictions. *Commonwealth v. Fisher*, 452 Pa.Super. 564, 682 A.2d 811, *alloc. denied*, 546 Pa. 691, 687 A.2d 376 (1996).

5. Act of January 25, 1966, P.L. 1580, No. 554, § 1, 19 P.S. § 1180–1 *et seq.*, repealed by Act of May 13, 1982, P.L. 417, No. 122, § 3.

6. A sentencing court may impose a fine on the defendant in lieu of other sentences. 42 Pa.C.S. § 9726(a).

7. In *Tate v. Short*, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971), the United States Supreme Court held that it is unconstitutional to imprison an indigent individual due to his failure to pay a fine. In addition, "a state is prohibited from committing its citizens for fines without a reasonable opportunity being afforded to allow them to meet the court's directive consistent with their respective financial situation." *Commonwealth ex. rel. Benedict v. Cliff*, 451 Pa. 427, 433, 304 A.2d 158, 161 (1973). Since appellant is no longer subject to imprisonment on this sentence, he cannot be considered to be "currently serving" his sentence for purposes of the PCRA. We wish to emphasize, however, that if and when appellant becomes financially able to pay these fines, he may yet be subject to contempt proceedings with all its attendant penalties.

■ We also note that this Court has found that the PCRA's requirement of "currently serving" is consistent with the federal habeas corpus provision, 28 U.S.C. § 2254, requiring that a petitioner be "in custody" in order to obtain habeas corpus relief. *Commonwealth v. Ahlborn*, 453 Pa.Super. 124, 683 A.2d 632 (1996)(*en banc*), *aff'd*, 548 Pa. 544, 699 A.2d 718 (1997). Under the federal statute, it is well established that a person is not "in custody," and hence not eligible for habeas corpus relief, where the sentence being challenged is for a fine, even though the failure by the defendant to pay that fine may result in his imprisonment. *See e.g. Tinder v. Paula*, 725 F.2d 801, 804 (1st Cir.1984) (collecting cases). Therefore, the federal courts' interpretation of the analogous "in custody" requirement lends further support for our conclusion that Pennsylvania's PCRA statute does not afford relief to those petitioners, like appellant, whose only outstanding sentence is the payment of a fine.

CONCLUSION:

Appellant is not entitled to PCRA relief because he had completed serving his sentence of imprisonment at the time he filed his PCRA petition, and the only aspect of his sentence unfulfilled was his payment of a fine.

Consequently, the order entered by the Court of Common Pleas of Monroe County is affirmed.