J-S70007-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RODNEY CLARKE, | |
| Appellant | No. 2179 EDA 2014 |

Appeal from the PCRA Order June 25, 2014
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0505591-1998

BEFORE: DONOHUE, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:           **FILED DECEMBER 01, 2015**

Appellant, Rodney Clarke, appeals, *pro se*, from the dismissal of his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. The PCRA court concluded that Appellant is not eligible for PCRA relief. We affirm.

On June 1, 1999, Appellant entered a negotiated guilty plea to homicide by vehicle while driving under the influence, and involuntary manslaughter. He was sentenced to a term of not less than two nor more than four years' incarceration on the homicide by vehicle charge and a consecutive sentence of five years' probation on the offense of

---

[*] Retired Senior Judge assigned to the Superior Court.

manslaughter. His probation was later revoked and on August 23, 2007, he received a sentence of two-and-a-half to five years' incarceration on the manslaughter charge. This Court affirmed judgment of sentence and our Supreme Court denied allowance of appeal on May 13, 2010.

Appellant filed a *pro se* PCRA petition on September 7, 2010. The PCRA court appointed counsel, who filed a ***Turner***/***Finley*** "no merit" letter.[1] The court permitted counsel to withdraw. On June 25, 2014, the court dismissed the petition after issuing a Rule 907 notice (and Appellant's response). ***See*** Pa.R.Crim.P. 907(1). This timely appeal followed.

Appellant raises one question for our review:

> 1. Whether the PCRA court erred when dismissing Appellant's **timely** Post-Conviction Relief collateral relief [sic] Act petition because he no longer is subject to a sentence pursuant to 42 Pa.C.S.A. 9545(a)(1)(i)[?]

(Appellant's Brief, at 2) (emphasis in original; most capitalization omitted).[2]

Appellant challenges the PCRA court's dismissal of his petition, decided on the ground that he is no longer serving a sentence for the crime at

---

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] The Commonwealth did not file a brief.

issue.[3]  He claims entitlement to relief because he timely filed his petition.

(**See id.** at 7).  We disagree.

Our standard of review is well-settled.

To the extent review of the PCRA court's determinations is implicated, an appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error.  The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

**Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (citations omitted).

In pertinent part, section 9543 of the PCRA provides:

To be eligible for relief under this [PCRA] subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

(i) currently serving a sentence of imprisonment, probation or parole for the crime[.]

42 Pa.C.S.A. § 9543(1)(i).

Our [S]upreme [C]ourt has held that, to be eligible for relief under the PCRA, the petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime." 42 Pa.C.S.A. § 9543(a)(1)(i).  **As soon as his sentence is completed, the petitioner becomes ineligible for relief,**

---

[3] Appellant is currently an inmate at S.C.I. Benner in Bellefonte, apparently on unrelated charges, possibly including the conviction for sexual crimes against his daughter and granddaughter, or other crimes mentioned *passim* in the certified record, some referenced in his brief.  (**See** Appellant's Brief, at 3).

> **regardless of whether he was serving his sentence when he filed the petition.** In addition, this [C]ourt determined in **Commonwealth v. Fisher**, 703 A.2d 714 (Pa. Super. 1997), that the PCRA precludes relief for those petitioners whose sentences have expired, regardless of the collateral consequences of their sentence. **Id.** at 716 (citations omitted).

**Commonwealth v. Williams**, 977 A.2d 1174, 1176 (Pa. Super. 2009) (some case citations omitted) (emphasis added).

Here, Appellant concedes his sentence expired in 2011. (**See** Appellant's Brief, at 5, 7). Nevertheless, he maintains that because his PCRA petition was timely, he is still entitled to relief. Appellant misapprehends controlling authority. **See Williams**, **supra** at 1176. He is ineligible for relief.[4]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/1/2015

---

[4] Because we agree with the PCRA court that Appellant is ineligible for relief under the "currently serving" requirement, we decline to address the numerous other defects in his argument and brief which would otherwise preclude relief.