J. S54042/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JACOB MATTHEW CHRISTINE, | : | |
| | : | |
| Appellant | : | No. 858 EDA 2015 |

Appeal from the PCRA Order March 10, 2015
In the Court of Common Pleas of Northampton County
Criminal Division No(s).: CP-48-CR-0001993-2007

BEFORE: BOWES, PANELLA, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:             **FILED JANUARY 15, 2016**

Appellant, Jacob Matthew Christine, appeals *pro se* from the order of the Northampton County Court of Common Pleas dismissing his second Post Conviction Relief Act[1] ("PCRA") petition as untimely.  Appellant claims he unknowingly and involuntarily entered a guilty plea to driving with a suspended license[2] and the trial court's sentence of restitution was illegal. We are constrained to affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 75 Pa.C.S. § 1543(a).

On March 8, 2007, Appellant was charged with unauthorized use of a motor vehicle,[3] theft by unlawful taking,[4] receiving stolen property,[5] and driving while operating privileges suspended or revoked.[6] Appellant proceeded to a jury trial on March 4, 2008, but the trial court declared a mistrial that same day after a witness referred to Appellant's incarceration.

Two months after the declaration of mistrial,

> [o]n May 5, 2008, [Appellant] plead[ed] guilty to the summary offense of Driving While Operating Privileges Suspended or Revoked under 75 Pa.C.S.A. § 1543(a). At that time, th[e trial c]ourt sentenced [Appellant] to ninety (90) days county probation for the purpose of collecting restitution in the amount of Four Thousand Three Hundred Eighty Six dollars, and Twenty-Eight cents ($4,386.28). In addition, th[e c]ourt Ordered [Appellant] to pay a Two Hundred dollar ($200.00) fine. [The maximum date of supervision expired on August 5, 2008.] Subsequently, on August 15, 2008, th[e c]ourt terminated supervision of [Appellant] and transferred his outstanding payment obligation to the Northampton County Criminal Division for collection.
>
> On November 24, 2008, [Appellant] appealed his sentence to the Superior Court of Pennsylvania, which was quashed as untimely pursuant to sections 105(b) and 903(a) of the Pennsylvania Rules of Appellate Procedure. Thereafter, on April 13, 2009, [Appellant] filed his first PCRA [petition], followed by a second PCRA on May 7, 2009, wherein he claimed relief identical to that contained in his first PCRA [petition]. On June 1, 2009, and June 10,

---

[3] 18 Pa.C.S. § 3928(a).

[4] 18 Pa.C.S. § 3921(a).

[5] 18 Pa.C.S. § 3925(a).

[6] 75 Pa.C.S. § 1543(a).

> 2009, th[e PCRA c]ourt issued Orders denying both of [Appellant]'s PCRA Petitions for lack of jurisdiction. Thereafter, on June 25, 2009, Appellant filed . . . a Notice of Appeal to the Superior Court of Pennsylvania, which was [dismissed on March 17, 2010,] due to [Appellant]'s failure to file a supporting brief.
>
> [Almost five years later, on February 3, 2015, Appellant filed a *pro se* motion labeled a "Post Sentence Motion *Nunc Pro Tunc.*" Appellant] challenge[d] the validity of his guilty plea and sentence pursuant to the procedures set forth in Rule 590 of the Pennsylvania Rules of Criminal Procedure, and he assert[ed] his innocence with respect to the abovementioned summary offense. . . .

PCRA Ct. Notice of Intent to Dismiss Without a Hr'g Pursuant to Rule of Crim. P. 907, 2/18/15, at 1-2 (citations omitted).

The PCRA court construed Appellant's motion as a second PCRA petition and determined he was not eligible for relief because he was no longer serving a sentence and did not seek relief in a timely manner under the PCRA. **Id.** at 3-4. After issuing its notice of intent to dismiss the petition and receiving Appellant's *pro se* response thereto, the court dismissed the petition on March 10, 2015. Appellant timely filed a *pro se* notice of appeal and complied with the trial court's order to submit a Pa.R.A.P. 1925(b) statement. This appeal followed.

Appellant presents the following questions in his *pro se* brief:

> Was the 5/28/15 plea [sic] invalid where it blatantly lacked a plea colloquy, gave no notice of the $6,350.51 court costs and restitution calculation and there was not an adequate factual basis for the plea to the charge of "Driving under suspension?"

Was the 5/28/15 sentence [sic] imposed of the payment of $6,350.51 illegal where the only charge [he] was convicted of only held a maximum $200 fine, and was a summary offence which is not defined as a crime by the Penn., Crimes code, and did the lower court fail to correct this sentencing error?

Appellant's Brief at 5.

Appellant addresses only the merits on his claims that his guilty plea was invalid and that the trial court's sentence was illegal. Appellant fails to respond to the PCRA court's determinations it lacked jurisdiction to entertain the merits of his claims because he was no longer serving his sentence and the petition was untimely.

We have reviewed the record and the relevant law and agree with the PCRA court that Appellant was required to present his claims in a timely PCRA petition. *See* 42 Pa.C.S. §§ 9542 (indicating PCRA is "sole means of obtaining collateral relief"), 9543(a)(2)(iii) (stating claim that guilty plea was unlawfully induced and petitioner is actually innocent is cognizable under PCRA); 9543(a)(2)(vii) (recognizing challenge to imposition of sentence greater than maximum is cognizable under PCRA). Moreover, we discern no legal error in the court's determinations that Appellant was no longer serving a sentence within the meaning of the PCRA[7] and he did not establish a PCRA

---

[7] It appears Appellant is currently incarcerated for an unrelated conviction. However, as the PCRA court noted, he is no longer serving probation for the instant case.

- 4 -

time-bar exception.[8]  **See** 42 Pa.C.S. § 9543(a)(1)(i) (stating to be eligible for PCRA, petitioner must show he is "currently serving a sentence of imprisonment probation or parole for the crime"); **Commonwealth v. Fisher**, 703 A.2d 714 (Pa. Super. 1997) (holding possibility of imprisonment for failure to pay fines for summary offense was not sentence within meaning of PCRA); **see also** 42 Pa.C.S. § 9545(b)(1)-(3); **Commonwealth v. Jackson**, 30 A.3d 516, 523 (Pa. Super. 2011) (concluding, "[W]hen the one-year filing deadline of section 9545 has expired, and no statutory exception has been pled or proven, a PCRA court cannot invoke inherent jurisdiction to correct orders, judgments and decrees, even if the error is patent and obvious").  Accordingly, we are precluded from considering Appellant's challenges to the validity and his plea or the legality of the trial court's order of restitution.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/15/2016

---

[8] Instantly, Appellant's conviction became final on June 4, 2008, after he failed to timely appeal the judgment of sentence.  Thus, the PCRA required that a facially timely petition be filed by June 4, 2009.  **See** 42 Pa.C.S. § 9545(b)(1)-(3); **Commonwealth v. Brown**, 943 A.2d 264, 267 (Pa. 2008).