J-S55031-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
    Appellee :
:
       v. :
:
TYLER T. HEAGY, :
:
    Appellant : No. 362 MDA 2017

Appeal from the PCRA Order February 7, 2017
in the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0000680-2014

BEFORE:  DUBOW, RANSOM, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:      **FILED OCTOBER 11, 2017**

Tyler T. Heagy (Appellant) appeals from the February 8, 2017 order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

On October 7, 2014, Appellant pled guilty to criminal trespass, two counts of simple assault, reckless endangerment, criminal mischief, and two summary counts of harassment.  That same day, Appellant was sentenced to an aggregate term of time served to 23 months' incarceration.

Appellant's direct appeal was quashed by this Court due to his failure to file "a timely post-sentence motion and/or a timely notice of appeal." ***Commonwealth v. Heagy***, 136 A.3d 1032 (Pa. Super. 2016).  No petition for allowance of appeal was filed.  On March 16, 2016, Appellant filed a *pro se* PCRA petition.  Counsel was appointed and an amended petition was

---

*Retired Senior Judge assigned to the Superior Court.

filed. Following a hearing on Appellant's petition, the parties were directed by the PCRA court to file briefs.

During the pendency of these proceedings, the Commonwealth informed the PCRA court that Appellant's maximum sentence had expired on August 25, 2016. On this basis, the PCRA court denied Appellant's petition on February 8, 2017. This timely-filed appeal followed.[1]

The timeliness of a post-conviction petition is jurisdictional. ***See***, ***e.g.***, ***Commonwealth v. Lewis***, 63 A.3d 1274, 1280-81 (Pa. Super. 2013) (quoting ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006)) ("[I]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.").

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, and that the claim was raised within 60 days of the date on which it became available. 42 Pa.C.S. § 9545(b) and (c).

> [I]n circumstances in which no timely direct appeal is filed relative to a judgment of sentence, and direct review is therefore unavailable, the one-year period allowed for the filing of a post-conviction petition commences upon the actual expiration of the

---

[1] In light of our disposition herein, a recitation of the issues raised on appeal is unnecessary.

time period allowed for seeking direct review, as specified in the PCRA.

***Commonwealth v. Brown***, 943 A.2d 264, 268 (Pa. 2008).

In light of our Supreme Court's holding in ***Brown***, which is nearly identical to this case factually, because this Court previously determined that Appellant's direct appeal was not timely filed, his judgment of sentence became final thirty days after he was sentenced, in November 2014. Therefore, he had until November 2015 to file a timely PCRA petition. Thus, his March 2016 PCRA petition was untimely filed. In his petition, Appellant neither pled nor offered to prove any timeliness exception. Therefore, the PCRA court was without jurisdiction to consider the merits of the petition.

Even if the PCRA court and this Court had jurisdiction to entertain Appellant's petition, he would still not be entitled to relief. To be eligible for relief under the Post-Conviction Relief Act, at the time relief is granted, a petitioner must be, *inter alia*, "currently serving a sentence of imprisonment, probation or parole for the crime[.]" 42 Pa.S.C. § 9543.

> [T]he denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the statute. To be eligible for relief a petitioner must be *currently* serving a sentence of imprisonment, probation or parole. To grant relief at a time when appellant is *not* currently serving such a sentence would be to ignore the language of the statute.

***Commonwealth v. Ahlborn***, 699 A.2d 718, 720 (Pa. 1997).

At his PCRA hearing Appellant acknowledged that his maximum sentence was set to expire in late August 2016. ***See*** N.T., 8/15/2016, at 4

- 3 -

("[S]o my one maximum date would be August 22nd of this year - mean of this month"). This was confirmed following the hearing in a letter addressed to the PCRA court, wherein the Commonwealth advised the court that it had inquired with the Lebanon County Probation Services, and was informed that Appellant's maximum sentence expired on August 25, 2016. **See** Letter to the PCRA Court, 8/30/2016.

Indeed, the PCRA court asserts that although Appellant did not address this issue in its brief in support of his petition, in a correspondence to the PCRA court, Appellant "confirm[ed] that his maximum sentence in this matter ha[d] expired but argue[d] that th[e] PCRA proceeding should not be dismissed because it was already pending at the time of expiration of his sentence." Trial Court Opinion, 2/7/2017, at 2-3 (unnumbered). **See** Appellant's *pro se* letter to PCRA Court, 9/23/2016, at 1-4.[2] Appellant is mistaken.

> Our [S]upreme [C]ourt has held that, to be eligible for relief under the PCRA, the petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime." 42 Pa.C.S.[] § 9543(a)(1)(i). As soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition. In addition, this [C]ourt determined in **Commonwealth v. Fisher**,

---

[2] Despite Appellant's apparent acknowledgment and understanding regarding the August 2016 sentence expiration date, the record reflect a *pro se* letter from Appellant filed on October 11, 2016. Within this correspondence, Appellant sought clarification on his expiration date, averring he received information that his maximum sentence was set to expire on April 12, 2017. Regardless of which date is accurate, for the reasons that follow, Appellant is unable to obtain relief under the PCRA.

703 A.2d 714 (Pa. Super. 1997), that the PCRA precludes relief for those petitioners whose sentences have expired, regardless of the collateral consequences of their sentence.

***Commonwealth v. Hart***, 911 A.2d 939, 941-42 (Pa. Super. 2006) (some citations omitted).

Accordingly, because the PCRA court determined that Appellant is no longer serving a sentence, and the date Appellant cited in his October 11th correspondence has since passed as well, we conclude that despite any jurisdictional issues that may be present, Appellant is still ineligible for relief. Thus, in light of the foregoing, we affirm the order of the PCRA court denying Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/11/2017