J-A32045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
WILLIAM THOMAS AYERS, :
:
Appellant : No. 325 MDA 2017

Appeal from the PCRA Order February 6, 2017
in the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0000196-2005

BEFORE: OTT, DUBOW, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.: **FILED JANUARY 29, 2018**

William Thomas Ayers (Appellant) appeals *pro se* from the February 6,

2017 order dismissing his petition filed pursuant to the Post Conviction Relief

Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

> On June 14, 2005, following a jury trial, [A]ppellant was found guilty of one count of unsworn falsification, for giving false information in connection with the involuntary commitment of his ex-girlfriend[.]  On June 15, 2005, a contempt hearing was held before the Honorable Michael J. Barrasse, relating to [A]ppellant's conduct during trial.  Specifically, it was alleged that [A]ppellant made an inappropriate gesture towards a Commonwealth witness, displaying his middle finger during the witness's testimony.  Appellant was found guilty of direct criminal contempt, and on June 23, 2005, was sentenced to three to six months' incarceration.  On September 29, 2005, the court imposed a sentence of three to 12 months for unsworn falsification, consecutive to a Wayne County sentence.

> No direct appeal was filed; however, on May 31, 2006, [A]ppellant filed a *pro se* petition for collateral relief pursuant to the PCRA.  Counsel was appointed and filed an amended PCRA petition on [A]ppellant's behalf. On April 26, 2007, the PCRA

---

*Retired Senior Judge assigned to the Superior Court.

court granted [A]ppellant leave to file notice of appeal *nunc pro tunc* from both sentences within 30 days of its order  On May 16, 2007, [A]ppellant filed notice of appeal.

***Commonwealth v. Ayers***, 951 A.2d 1204 (Pa. Super. 2008) (unpublished memorandum).

On February 7, 2008, this Court affirmed Appellant's judgment of sentence.  ***Id.***  On August 26, 2008, our Supreme Court denied Appellant's petition for allowance of appeal.  ***Commonwealth v. Ayers***, 598 Pa. 754 (Pa. 2008).

Since then, Appellant has filed successive PCRA petitions, including the one at issue in this appeal, which he filed *pro se* on September 28, 2016.  In his petition, he acknowledges that he is no longer serving a sentence.  ***See*** PCRA Petition, 9/28/2016, at 2 ("[Appellant] falls within the exceptions to mootness and the PCRA requirement for serving a sentence of imprisonment, probation[,] or parole[.]").  Nevertheless, Appellant argues his petition is entitled to review and he is entitled to relief because "his conviction was due to ***Brady***[1] violations and ineffective assistance of counsel[,]" as well as newly[-]discovered evidence that proves his innocence.  ***Id.***

Based upon the fact that Appellant was no longer serving a sentence, the PCRA court denied Appellant's petition on February 6, 2017.  PCRA Order, 2/6/2017.  This appeal followed.

---

[1] ***Brady v. Maryland****,* 373 U.S. 83 (1963).

To be eligible for relief under the PCRA, at the time relief is granted, a petitioner must be, *inter alia*, "currently serving a sentence of imprisonment, probation or parole for the crime[.]" 42 Pa.C.S. § 9543.

> [T]he denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the statute. To be eligible for relief a petitioner must be *currently* serving a sentence of imprisonment, probation or parole. To grant relief at a time when appellant is *not* currently serving such a sentence would be to ignore the language of the statute.

*Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997).

Although Appellant acknowledges that he is no longer serving a sentence, Appellant nonetheless argues

> that the collateral consequences of his conviction[,] specifically the deprivation of a liberty interest[,] should result in the [PCRA] court having jurisdiction to hear the merits of [A]ppellant[']s PCRA petition. Appellant further submits that the various other collateral consequences associated with his conviction individually and collectively should result in the [PCRA] court having jurisdiction to have a hearing on the merits because the currently serving requirements of the [PCRA] were NOT created for the purpose of preventing innocent petitioners who aren't "currently serving" a sentence and are suffering the collateral consequences of the deprivation on their liberty interests from having wrongful convictions overturned.

Appellant's Brief at 14-15 (emphasis in original).[2]

Appellant is mistaken. "Th[e PCRA] is not intended to … provide relief from collateral consequences of a criminal conviction." 42 Pa.C.S. § 9542. "[T]his court determined in *Commonwealth v. Fisher*, 703 A.2d 714 (Pa.

---

[2] Specifically, Appellant contends that his convictions played a significant role in the involuntary termination of his parental rights to his child. *Id.* at 22-23.

Super. 1997), that the PCRA precludes relief for those petitioners whose sentences have expired, regardless of the collateral consequences of their sentence." *Commonwealth v. Williams*, 977 A.2d 1174, 1176 (Pa. Super. 2009).

In light of the foregoing, we affirm the order of the PCRA court denying Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/29/18