J-S84015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ZANE J. SEILHAMER, JR. :
:
Appellant : No. 816 MDA 2017

Appeal from the Order April 18, 2017
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s): CP-31-CR-0000421-2014

BEFORE: SHOGAN, J., LAZARUS, J., and OTT, J.

MEMORANDUM BY SHOGAN, J.:                        **FILED FEBRUARY 01, 2018**

Zane J. Seilhamer, Jr. ("Appellant") purports to appeal from the order denying his untimely post-sentence motion. We affirm.

Appellant entered a guilty plea on May 12, 2015, to one count of driving under the influence ("DUI"), general impairment, third offense, and one count of driving under suspension ("DUS").[1] The trial court accepted the plea and, on July 31, 2015, sentenced Appellant on the DUI count to incarceration for a period of three to six months, and on the DUS count to incarceration for ninety days, consecutive to the DUI sentence. N.T., 7/31/15, at 6–7; Sentencing Order, 8/3/15, at 1–2. Appellant did not take a direct appeal. Appellant filed a *pro se* post-sentence motion *nunc pro tunc*

---

[1] 75 Pa.C.S. §§ 3802(a) and 1543(b)(1), respectively.

on February 8, 2017. The trial court denied the motion on April 18, 2017. This appeal followed. Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant challenges the legality of his sentence and discretionary aspects of his sentence. Appellant's Brief at 6; Appellant's Supplemental Brief at 6. The Commonwealth has not filed a responsive brief. The trial court opines that Appellant's appeal should be dismissed because he did not file a timely post-sentence motion. Trial Court Opinion, 8/18/17, at 2.

Although the trial court is correct that Appellant's post-sentence motion was untimely, we have held, "Any petition filed after judgment of sentence becomes final will be treated as a PCRA petition." *Commonwealth v. Jackson*, 30 A.3d 516, 521 (Pa. Super. 2011). Appellant's challenge concerns, in part, the legality of his sentence. This claim is cognizable under the PCRA. 42 Pa.C.S. § 9543(a)(2); *Commonwealth v. Ruiz*, 131 A.3d 54, 60 (Pa. Super. 2015) (stating that persons serving illegal sentences may obtain collateral relief under the PCRA). Thus, Appellant's untimely post-sentence motion should have been treated as a PCRA petition. *Commonwealth v. Taylor*, 65 A.3d 462, 465 (Pa. Super. 2013) (citations omitted).

Nevertheless, even if the trial court had treated Appellant's untimely post-sentence motion as a PCRA petition, we conclude that no relief is due. The basis for our conclusion is that Appellant is ineligible for PCRA relief because he is no longer serving a sentence.

It is well settled that in order to be "eligible for relief under the PCRA, a petitioner must be: (i) currently serving a sentence of imprisonment, probation or parole for the crime...." 42 Pa.C.S. § 9543(a)(1). "Case law has strictly interpreted the requirement that the petitioner be currently serving a sentence for the crime to be eligible for relief." **Commonwealth v. Plunkett**, 151 A.3d 1108, 1109 (Pa. Super. 2016). Indeed, "the [PCRA] preclude[s] relief for those petitioners whose sentences have expired, regardless of the collateral consequences of their sentence." **Commonwealth v. Fisher**, 703 A.2d 714, 716 (Pa. Super. 1997).

Here, on July 31, 2015, Appellant was sentenced on the DUI conviction to incarceration for a minimum of three months and a maximum of six months, and to a consecutive ninety days on the DUS conviction. N.T., 7/31/15, at 6–7. Those sentences were to be served consecutively to any sentence Appellant was already serving. According to the record, Appellant was already serving a twelve to twenty-four month sentence on a third offense DUI conviction. **Id.** at 4. The minimum date of that sentence was August 1, 2015, and the maximum date was August 1, 2016. **Id.** Thus, Appellant's maximum sentence on the conviction at hand expired on or

about May 1, 2017. Appellant admits that "the maximum term of [his] sentence has expired." Appellant's Brief at 15. Because Appellant is not currently serving a sentence, he is ineligible for relief pursuant to the PCRA. 42 Pa.C.S. § 9543(a)(1); *accord Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) ("Appellant is no longer eligible for relief with respect to his DUI convictions, having completed serving his sentence for the DUI count for which he was incarcerated.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/1/18