J-A04007-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CARROL A. A. SHANNON | : | |
| | : | |
| Appellant | : | No. 1679 EDA 2017 |

Appeal from the PCRA Order May 11, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001971-2010,
CP-51-CR-0001972-2010

BEFORE:  LAZARUS, J., KUNSELMAN, J., and COLINS, J.*

JUDGMENT ORDER BY LAZARUS, J.:                **FILED APRIL 16, 2019**

Carrol A. A. Shannon appeals from the order entered in the Court of Common Pleas of Philadelphia County dismissing her petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541–9546.  After careful review, we affirm.

On November 12, 2010, a jury convicted Shannon of resisting arrest,[1] disorderly conduct,[2] and recklessly endangering another person (REAP)[3] on docket number CP-51-CR-0001971-2010 (docket number 1971), and of REAP on docket number CP-51-CR-0001972-2010 (docket number 1972).  On

---

[1] 18 Pa.C.S.A. § 5104.

[2] 18 Pa.C.S.A. § 5503.

[3] 18 Pa.C.S.A. § 2705.

*Retired Senior Judge assigned to the Superior Court.

November 15, 2010, the Honorable Earl W. Trent assessed fines totaling $17,500 and sentenced Shannon to five years of probation on docket number 1971, followed by two years' probation on docket number 1972.[4]

Shannon timely filed a notice of appeal. After remanding the case for a supplemental opinion, this Court affirmed her judgments of sentence. *Commonwealth v. Shannon*, 3377 EDA 2010 (Pa. Super. filed Dec. 14, 2012) (unpublished memorandum opinion). Shannon did not seek further review in the Pennsylvania Supreme Court.

On November 13, 2013, Shannon timely filed a counseled PCRA petition, which the court denied on August 14, 2013. She did not appeal from the order denying relief. On April 17, 2015, Shannon filed a second PCRA petition with new counsel requesting to have the right to appeal her first PCRA petition reinstated *nunc pro tunc*.[5] On September 14, 2015, Shannon filed an amended PCRA petition raising layered ineffectiveness claims implicating initial PCRA counsel and trial counsel. On January 26, 2017, the PCRA court granted relief solely as to Shannon's request to appeal from the denial of her first PCRA petition *nunc pro tunc*, concluding her supplemental petition raised untimely claims.

---

[4] Specifically, Shannon's probationary sentences were as follows: on docket number 1971, two years' probation for REAP, two years' probation for resisting arrest, and one year of probation for disorderly conduct, all running consecutively; on docket number 1972, two years' probation for REAP running consecutively to all sentences on docket number 1971.

[5] Shannon alleged both initial PCRA counsel and the PCRA court failed to inform her of her right to appeal the denial of her first PCRA petition.

The instant appeal followed, in which Shannon raises the following claim:

> 1) Whether the second PCRA court erred by waiving Appellant's two new issues of layered ineffectiveness of PCRA counsel and of trial counsel as untimely where the newly[-]pled issues were raised in a second PCRA petition requesting a *nunc pro tunc* PCRA appeal to the Superior Court that was filed after the PCRA's one-year statute of limitations, and that was legally efficacious based upon the PCRA's governmental breakdown and/or [newly]-discovered fact exceptions?

Brief of Appellant, at v.

It is incumbent upon a petitioner to "plead and prove by a preponderance of the evidence . . . [t]hat the petitioner [is] . . . currently serving a sentence of imprisonment, probation or parole for the crime." 42 Pa.C.S.A. § 9543(a)(1)(i); **accord Commonwealth v. Turner**, 80 A.3d 754, 761–62 (Pa. 2013) ("Eligibility for relief under the PCRA is dependent upon the petitioner currently serving a sentence of imprisonment, probation, or parole for the crime."). "As soon as [her] sentence is completed, the petitioner becomes ineligible for relief, regardless of whether [s]he was serving [her] sentence when [s]he filed the petition." **Commonwealth v. Williams**, 977 A.2d 1174, 1176 (Pa. Super. 2009). "[T]he clear language of the 'currently serving' requirement as it is written precludes relief for those petitioners whose only uncompleted aspect of their sentence is the payment of a fine." **Commonwealth v. Fisher**, 703 A.2d 714, 716 (Pa. Super. 1997).

Here, the trial court sentenced Shannon to seven years' probation on

November 17, 2010. Shannon admits her "seven[-]year [sentence of] probation expired in or around November 2017." Brief of Appellant, at 17. The only remaining aspects of Shannon's sentence are the assessed fines.[6] It was Shannon's burden to plead and prove her eligibility under the PCRA. 42 Pa.C.S.A. § 9543(a). Instead, she has done the opposite. When Shannon's sentence expired in November of 2017, she became ineligible for relief. *See Williams*, *supra* at 1176.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/16/19

---

[6] The record indicates unpaid fines totaling $8,592.49 on docket number 1971 and $5,198.94 on docket number 1972.

- 4 -