J-S73045-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA　　:　　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　　:　　　　　PENNSYLVANIA
　　　　　　　　　　　　　　　　:
　　　　　　v.　　　　　　　　　:
　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　:
MICHAEL JAMES WILLITS,　　　　　:
　　　　　　　　　　　　　　　　:
　　　　　　Appellant　　　　　　:　　　　No. 1013 MDA 2019

Appeal from the PCRA Order Entered June 13, 2019
in the Court of Common Pleas of Lycoming County
Criminal Division at No(s):  CP-41-CR-0002035-2014

BEFORE:  SHOGAN, J., LAZARUS, J., and MUSMANNO, J.

JUDGMENT ORDER BY MUSMANNO, J.:　　　　　**FILED FEBRUARY 11, 2020**

Michael James Willits ("Willits") appeals, *pro se*, from the Order dismissing his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  ***See*** 42 Pa.C.S.A. §§ 9541-9545.  We affirm.

Willits was arrested on November 30, 2014, following an incident where police officers entered a motel room in Lycoming County, which Willits was occupying, without a warrant.  Prior to trial, Willits moved to suppress evidence seized from the warrantless search of the motel room and his flight from the room after encountering the officers, arguing that exigent circumstances did not exist to search the motel room.  The trial court denied Willits's suppression motion, and the matter proceeded to a jury trial, after which Willits was convicted of multiple offenses, and was sentenced to serve an aggregate sentence of fifteen months to four years in prison.  Willits filed a direct appeal, arguing that the trial court improperly denied his suppression

motion. On March 11, 2016, this Court vacated the judgment of sentence, reversed the suppression order, and remanded to the trial court.[1]

On July 12, 2016, Willits pled guilty, pursuant to a plea agreement, to escape and flight to avoid apprehension,[2] was sentenced to time served, and was "released from further obligation to Lycoming County[,] other than for the cost of prosecution." Sentencing Order, 7/12/16, at 2. On February 4, 2019, Willits filed the instant, *pro se*, PCRA Petition, challenging various aspects of his initial arrest, his incarceration, and the circumstances surrounding his subsequent guilty plea. The PCRA court dismissed his Petition, concluding that the court lacked jurisdiction to consider Willits's Petition because Willits was no longer serving a prison sentence. This timely appeal followed.

In order to be eligible for relief under the PCRA, a petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime[.]" 42 Pa.C.S.A. § 9543(a)(1)(i); *see also Commonwealth v. Fisher*, 703 A.2d 714, 716 (Pa. Super. 1997) (holding that the PCRA does not afford relief to petitioners whose only outstanding sentence is payment of fines). Here, the record reveals that Willits fully served his sentence, minus payment for the costs of prosecution, as of July 19, 2016. Sentencing Order, 7/12/16,

---

[1] *Commonwealth v. Willits*, 144 A.3d 197 (Pa. Super. 2016) (unpublished memorandum).

[2] *See* 18 Pa.C.S.A. §§ 5121(a); 5126(a).

at 2. Thus, Willits is not eligible for relief under the PCRA. **See** 42 Pa.C.S.A.

§ 9543(a)(1)(i); **see also Fisher**.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 02/11/2020