J-S28005-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PATRICK OKEY | : | |
| | : | |
| Appellant | : | No. 500 MDA 2022 |

Appeal from the PCRA Order Entered February 24, 2022
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0004710-2008

BEFORE:  OLSON, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY OLSON, J.:  **FILED: NOVEMBER 8, 2022**

Appellant, Patrick Okey, appeals *pro se* from the order entered on February 24, 2022 denying, as untimely, his sixth petition under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We briefly summarize the facts and procedural history of this case as follows.  Following a trial on July 31, 2008, a jury convicted Appellant of one count each of luring a child into a motor vehicle and stalking.[1]  On April 27, 2009, the trial court sentenced Appellant to one year less one day to two years of imprisonment for luring and a concurrent term of three to 12 months' incarceration for stalking.  Appellant was also subject to the reporting requirements of the then-enacted Megan's Law.  Appellant appealed, challenging the sufficiency of the evidence to support his convictions, and this

---

[1]  18 Pa.C.S.A. §§ 2910 and 2709.1(a)(2).

Court affirmed Appellant's judgment of sentence in an unpublished memorandum on May 6, 2010. *See Commonwealth v. Okey*, 4 A.3d 185 (Pa. Super. 2010) (unpublished memorandum). Appellant did not seek further review. As such, Appellant's judgment of sentence became final on June 7, 2010, at the expiration of the time to file a petition for allowance of appeal with our Supreme Court. *See* Pa.R.A.P. 1113; *see also* 42 Pa.C.S.A. § 9545(b)(3) ("judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review").

Appellant was released from custody after his judgment of sentence became final but failed to register with the Pennsylvania State Police in accordance with his Megan's Law reporting requirements. On January 27, 2011, Appellant was found guilty of failing to report and sentenced to two to four years of imprisonment. In 2013 and 2014, Appellant unsuccessfully litigated two PCRA petitions. In 2016, Appellant filed a third PCRA petition which the PCRA court dismissed because Appellant was no longer serving a sentence and, therefore, was not eligible for relief under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(1)(i). We affirmed that decision in an unpublished judgment order. *See Commonwealth v. Okey*, 179 A.3d 547 (Pa. Super. 2017) (unpublished judgment order). Our Supreme Court denied further review. *See Commonwealth v. Okey*, 184 A.3d 148 (Pa. 2018).

Appellant subsequently filed two additional PCRA petitions, one on May 11, 2018 and the other on March 27, 2020. In the ensuing appeals from each dismissal order, we determined that Appellant was not eligible for relief under the PCRA because he was no longer serving a sentence. **See Commonwealth v. Okey**, 2019 WL 5431801 (Pa. Super. 2019) (unpublished memorandum); **see also Commonwealth v. Okey**, 241 A.3d 476 (Pa. Super. 2020) (unpublished memorandum). Most recently, Appellant filed the PCRA petition currently at issue on March 22, 2022. In his March 22, 2022 petition, like all of his prior petitions, Appellant raised claims challenging his original convictions and/or sentences for stalking and luring. Following a hearing, the PCRA court dismissed the PCRA petition by order entered on February 24, 2022. This timely appeal resulted.

Because Appellant has completed his sentence, he is no longer eligible for collateral relief, and we shall affirm the dismissal of his most recent PCRA petition. The PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies[.]" 42 Pa.C.S.A. § 9542. We have previously determined:

> [T]o be eligible for relief under the PCRA, the petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime." 42 Pa.C.S.A. § 9543(a)(1)(i). As soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition. **Commonwealth v. Ahlborn**, 699 A.2d 718, 720 (Pa. 1997); **Commonwealth v. Matin**, 832 A.2d 1141, 1143 (Pa. Super.2003), *appeal denied*, 843 A.2d 1237 (Pa. 2004). In addition, this [C]ourt determined in **Commonwealth v. Fisher**, 703 A.2d 714 (Pa. Super. 1997), that the PCRA precludes relief

for those petitioners whose sentences have expired, regardless of the collateral consequences of their sentence. ***Id.*** at 716 (citations omitted).

***Commonwealth v. Hart***, 911 A.2d 939, 941–942 (Pa. Super. 2006).

This Court previously determined that Appellant is no longer serving a sentence of imprisonment, probation, or parole for his 2009 luring and stalking convictions. Appellant does not dispute this conclusion.[2] We therefore

---

[2] It is unclear, from our review of the record, whether Appellant remains subject to sex offender registration requirements. As discussed below, however, Appellant's registration status is irrelevant to the dismissal of the instant claims. Appellant did not challenge his reporting obligations within his PCRA petition, and he has not raised such a challenge within the context of this appeal. Instead, on appeal, Appellant claims that the trial court violated his right to a speedy trial under Pa.R.Crim.P. 600, that the Commonwealth committed a discovery violation pursuant to ***Brady v. Maryland***, 373 U.S. 83 (1963) in failing to disclose exculpatory evidence, and that there was insufficient evidence to support his convictions. ***See*** Appellant's *Pro Se* Brief at 1-8. Because Appellant's claims of trial court error are normally addressed on direct appeal or under the auspices of the PCRA, it was his burden to demonstrate eligibility for collateral relief under 42 Pa.C.S.A. § 9543(a)(1)(i).

Based upon our independent research, no Pennsylvania court has held that supervision pursuant to a sex offender registration obligation constitutes a criminal sentence for purposes of assessing eligibility for collateral relief under the PCRA. In fact, although our Supreme Court deemed punitive the registration requirements adopted in the Sexual Offenders Registration and Notification Act (SORNA), 42 Pa.C.S.A. §§ 9799.10-9799.41, ***see Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017), our Supreme Court's more recent pronouncements suggest strongly that, within the context of conventional PCRA claims, supervision under sexual offender registration statutes does not constitute "service of a sentence" for purposes of establishing eligibility for relief under the PCRA. ***See Commonwealth v. Lacombe***, 234 A.3d 602, 617–618 (Pa. 2020) (citing the requirement in 42 Pa.C.S.A. § 9543(a)(1) that a PCRA petitioner must be serving sentence and concluding that the PCRA is not the exclusive procedural mechanism for challenges to sex offender reporting requirements because some "registrants may be ineligible because their sentence has **expired** while their registration

*(Footnote Continued Next Page)*

conclude that the PCRA court properly dismissed Appellant's sixth PCRA petition because he was ineligible for relief.[3]

_____

requirements continue") (emphasis added). **_Lacombe_** makes reasonably clear that sex offender supervision is separate and distinct from imprisonment, probation, or parole for purposes of Section 9543(a)(1)(i). Hence, Appellant has neither pled nor proven his eligibility for relief because he is currently serving a sentence and the law confirms he is unable to demonstrate such a status. **_See_** 42 Pa.C.S.A. § 9543(a)(1)(i); **_see also Commonwealth v. Hall_**, 80 A.3d 1204, 1211 (Pa. 2013)("[W]hen ascertaining the meaning of a statute, if the language is clear, we give the words their plain and ordinary meaning."). We thus perceive no error in the dismissal of Appellant's claims.

[3] The PCRA court dismissed the PCRA petition after determining that it lacked jurisdiction to hear Appellant's claims because his most recent PCRA petition, filed almost 12 years after the judgment of sentence became final, was patently untimely and not subject to an exception under the PCRA. **_See_** N.T., 2/24/2022, at 3-4. "[A]ny [PCRA] petition[,] including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves" one of three exceptions to the one-year time bar. 42 Pa.C.S.A. § 9545(b). Appellant does not address the timeliness of his petition, nor does he plead and prove an exception under the PCRA. Moreover, as previously mentioned, although our Supreme Court has concluded that criminal defendants may challenge sex offender registration statutes outside the context of the PCRA, **_see Lacombe_**, **_supra_**, Appellant has not forwarded such a claim in the context of this appeal. Hence, the time constraints applicable under the PCRA bar adjudication of the claims Appellant asserted in his latest petition.

Pennsylvania law is clear that a PCRA petitioner is no longer eligible for collateral relief if he is no longer serving a sentence of imprisonment, probation, or parole. It follows, in such circumstances, that assessment of the timeliness of a petition or establishment of an exception to the PCRA's one-year time bar becomes legally irrelevant. **_See Hart_**, 911 A.2d at 942 (citation omitted). We have elected, therefore, to affirm the dismissal of Appellant's petition because he is no longer eligible for collateral relief. "[A]n appellate court may affirm a PCRA court's order for any reason of record." **_Commonwealth v. Burton_**, 158 A.3d 618, 630 n. 15 (Pa. 2017).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/8/2022