J-S44026-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RICHARD DISCO | : | |
| | : | |
| Appellant | : | No. 778 EDA 2024 |

Appeal from the PCRA Order Entered February 9, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1206261-2001

BEFORE:  NICHOLS, J., MURRAY, J., and LANE, J.

MEMORANDUM BY MURRAY, J.:                    **FILED DECEMBER 19, 2024**

Richard Disco (Appellant) appeals, *pro se*, from the order dismissing as untimely his fourth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  As Appellant is statutorily ineligible for PCRA relief, we affirm.

A prior panel of this Court summarized the facts and procedural history of this case as follows:

> On May 19, 2003, a jury convicted Appellant of multiple sex offenses related to the abuse of his [minor] stepdaughter [(the complainant)].  On October 2, 2003, the court sentenced Appellant to an aggregate term of fourteen to twenty-eight years' incarceration.
>
> On August 23, 2005, this Court affirmed Appellant's convictions, but vacated his judgment of sentence and remanded the case to the trial court for resentencing.  ***Commonwealth v. Disco***, 885 A.2d 574 (Pa. Super. 2005).  On June 8, 2006, the trial court resentenced Appellant to an aggregate term of ten to

twenty years of incarceration. Appellant filed an appeal to this Court, which he discontinued on February 9, 2007.

On June 11, 2007, Appellant timely filed his first *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended petition. On February 9, 2009, the PCRA court dismissed Appellant's petition. This Court affirmed the dismissal order on August 30, 2010, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on March 29, 2011. *Commonwealth v. Disco*, 11 A.3d 1042 (Pa. Super. 2010) (unpublished memorandum), *appeal denied*, 19 A.3d 1049 (Pa. 2011).

*Commonwealth v. Disco*, 266 A.3d 657, 1676 EDA 2020 (Pa. Super. 2021) (unpublished memorandum at 1-2) (brackets and some citations omitted; citations modified).

Appellant subsequently filed, *pro se*, second and third PCRA petitions, both of which were patently untimely. Because Appellant failed to plead and prove any exception to the PCRA's one-year time-bar,[1] the PCRA court dismissed the petitions. *See generally id.*; *Commonwealth v. Disco*, 220 A.3d 680, 3274 EDA 2017 (Pa. Super. 2019) (unpublished memorandum).

On November 4, 2022, over 15 years after Appellant's judgment of

_____

[1] *See* 42 Pa.C.S.A. § 9545(b)(1); *see also id.* § 9545(b)(1)(i-iii) (PCRA's time-bar exceptions).

sentence became final,[2] Appellant filed the instant *pro se* PCRA petition, his fourth. Appellant conceded the facial untimeliness of his petition, but asserted he met the time-bar exception for newly-discovered facts.[3] *See* PCRA Petition, 11/4/22, at 7-8; *see also* 42 Pa.C.S.A. § 9545(b)(1)(ii) (newly-discovered fact exception). On September 18, 2023, Appellant filed an amended *pro se* PCRA petition.[4]

On December 7, 2023, the PCRA court issued Pa.R.Crim.P. 907 notice (907 Notice) of its intent to dismiss Appellant's petition without an evidentiary hearing. The 907 Notice stated the court lacked jurisdiction to address the petition because it was untimely filed, and Appellant had failed to establish any exception to the PCRA's jurisdictional time-bar. Appellant filed a *pro se* response to the 907 Notice on January 19, 2024.

On February 9, 2024, the PCRA court dismissed Appellant's PCRA petition as untimely filed. This timely appeal followed. The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors

---

[2] For purposes of the PCRA, "a judgment becomes final at the conclusion of direct review … or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Here, Appellant's judgment of sentence became final on February 9, 2007, when he discontinued his appeal following resentencing. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1973.

[3] Based on our disposition, it is unnecessary to detail the substance of Appellant's claim.

[4] The Commonwealth did not respond to Appellant's PCRA petition or amended petition.

complained of on appeal. The PCRA court issued a Pa.R.A.P. 1925(a) opinion on February 28, 2024.

Appellant presents two issues for our review:

1. Did the PCRA court err when it dismissed Appellant's PCRA petition filed on November 4, 2022, claiming newly discovered facts that undermine the validity of Appellant's conviction[,] when the newly discovered facts prove that the complainant's testimony is unreliable to support a conviction of sexual abuse?

2. Did the PCRA court err when it dismissed Appellant's PCRA petition as untimely?

Appellant's Brief at 2 (issues renumbered; some capitalization modified).

Preliminarily, we must determine if Appellant is eligible for relief. To be eligible for PCRA relief, a petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime[.]" 42 Pa.C.S.A. § 9543(a)(1)(i); *see also Commonwealth v. Plunkett*, 151 A.3d 1108, 1109 (Pa. Super. 2016) ("Case law has **strictly interpreted** the requirement that the petitioner be currently serving a sentence for the crime to be eligible for relief." (emphasis added)).

> **As soon as his sentence is completed,** [a **PCRA**] **petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition.** *Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997); *Commonwealth v. Matin*, 832 A.2d 1141, 1143 (Pa. Super. 2003). In addition, this Court determined in *Commonwealth v. Fisher*, 703 A.2d 714 (Pa. Super. 1997), that the PCRA precludes relief for those petitioners whose sentences have expired, regardless of the collateral consequences of their sentence. *Id.* at 716 (citations omitted).

***Commonwealth v. Williams***, 977 A.2d 1174, 1176 (Pa. Super. 2009) (emphasis added; brackets omitted; citations modified); ***see also Commonwealth v. Turner***, 80 A.3d 754, 765 (Pa. 2013) ("[D]ue process does not require the legislature to continue to provide collateral review when the offender is no longer serving a sentence.").

Appellant, in his *pro se* reply brief filed in this Court on November 19, 2024, concedes he is no longer serving his sentence at the instant docket. ***See*** Reply Brief at 5 (Appellant stating he is "**now at liberty** after 23 years in prison…." (emphasis added)).[5]  Accordingly, as Appellant is ineligible for relief pursuant to 42 Pa.C.S.A. § 9543(a)(1)(i), we discern no error or abuse of discretion by the PCRA court in dismissing Appellant's fourth PCRA petition. ***See Ahlborn***, 699 A.2d at 721 (holding PCRA petitioner was ineligible for relief pursuant to Section 9543(a)(1)(i), where he was serving a sentence of incarceration at the time of filing his PCRA petition, but was subsequently unconditionally released from custody); ***see also Commonwealth v. Reese***, 31 A.3d 708, 727 (Pa. Super. 2011) (*en banc*) (stating an appellate court may affirm on any basis, as long as the ultimate decision is correct).

_____

[5] Appellant listed as his address of record a private residence located in Havertown, Pennsylvania.  ***See*** Reply Brief (cover page).  ***Cf.*** Appellant's Principal Brief (filed in this Court on October 24, 2024, while Appellant was incarcerated at SCI-Fayette).  Moreover, a search of the Pennsylvania Department of Corrections' inmate/parolee database reveals no entry for Appellant.  ***See*** https://inmatelocator.cor.pa.gov/#/ (last checked November 21, 2024).

Order affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 12/19/2024