J-S74025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                   :             PENNSYLVANIA
                                   :
               v.                    :
                                   :
                                   :
WILLIAM THOMAS AYERS,        :
                                   :
           Appellant      :     No. 643 EDA 2017

Appeal from the PCRA Order January 19, 2017
In the Court of Common Pleas of Wayne County Criminal Division at
No(s):  CP-64-CR-0000589-2004

BEFORE:  BOWES, J., LAZARUS, J., and RANSOM, J.

MEMORANDUM BY LAZARUS, J.:          **FILED FEBRUARY 06, 2018**

William Thomas Ayers appeals, *pro se*, from the order denying his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.  Because Ayers is no longer serving his sentence, we affirm.

In May 2005, Ayers was convicted by a jury of criminal solicitation (forgery), criminal conspiracy (forgery), and corruption of minors, and sentenced to an aggregate term of 10 to 60 months' incarceration.  Ayers filed a PCRA petition and, on appeal to this Court, his appellate rights were reinstated.  Thereafter, by agreement of the Commonwealth, Ayers' original conviction was vacated and the criminal information was amended to include a count of false identification to law enforcement.  Ayers pled guilty to that charge, and the remainder of the charges were *nolle prossed*.  On October 23, 2012, Ayers was resentenced to not less than one day nor more than 12 months' imprisonment in a county correctional facility, with credit for time

served. Ayers did not appeal but, on October 20, 2016, he filed the instant PCRA petition, in which he claimed entitlement to relief, even though he is no longer serving his sentence, because his conviction is allegedly affecting his rights to his child and "[a] satisfied sentence may be attacked in a post conviction proceeding if [the] sentence affects directly any subsequent civil or criminal prosecution[.]" PCRA Petition, 10/20/16, at [2.1]. By order dated January 19, 2017, the PCRA court dismissed Ayers' petition for lack of jurisdiction. This timely appeal follows, in which Ayers raises the following questions for our review:

1. W[he]ther the currently serving requirements of the [P]ost [C]onviction Relief [A]ct w[ere] created for the purpose of preventing innocent petitioners who are suffering the collateral consequences of the deprivation on their liberty interests to their children because of wrongful convictions, from having their wrongful convictions overturned?

2. Whether the court erred in denying and dismissing [Ayers'] [P]ost [C]onviction Relief [A]ct petition because [Ayers] was not currently serving a sentence of imprisonment, probation or parole for the crime as required by 42 Pa.C.S.A. § 9543[?]

Brief of Appellant, at 1.

We begin by noting:

This court's standard of reviewing an order dismissing a PCRA petition is whether the determination of the PCRA court is supported by the record evidence and is free of legal error. *Commonwealth v. Halley*, [] 870 A.2d 795, 799 n.2 ([Pa.] 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support in

either the record or from other evidence. ***Commonwealth v. Jordan***, 772 A.2d 1011, 1014 (Pa. Super. 2001) (citation omitted).

***Commonwealth v. Hart***, 911 A.2d 939, 941 (Pa. Super. 2006).

The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Lewis***, 63 A.3d 1274, 1280–81 (Pa. Super. 2013), quoting ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006) ("[I]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.").

Generally, a PCRA petition, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, and that the claim was raised within 60 days of the date on which it became available. 42 Pa.C.S.A. § 9545(b) and (c). Where no direct appeal is filed, the one-year period allowed for the filing of a post-conviction petition commences upon the expiration of the time period allowed for seeking direct review. 42 Pa.C.S.A. § 9545(b)(3).

Here, Ayers did not file a direct appeal. Accordingly, his judgment of sentence became final on November 22, 2012, when the time for filing a such an appeal expired. ***See*** Pa.R.A.P. 903(a). Thus, Ayers' October 20, 2016 PCRA petition, filed well after the one-year time period expired, was untimely filed, and because he neither pled nor offered to prove any timeliness

exception under 42 Pa.C.S.A. § 9545(b)(1), the PCRA court was without jurisdiction to consider the merits of the petition.

Moreover, even if the PCRA court had jurisdiction to entertain Ayers' petition, he would still not be entitled to relief. To be eligible for relief under the PCRA, at the time relief is granted, a petitioner must be, *inter alia*, "currently serving a sentence of imprisonment, probation or parole for the crime[.]" 42 Pa.S.C. § 9543(a)(1)(i).

> [T]he denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the statute. To be eligible for relief a petitioner must be currently serving a sentence of imprisonment, probation or parole. To grant relief at a time when appellant is not currently serving such a sentence would be to ignore the language of the statute.

*Ahlborn*, 699 A.2d at 720.

Ayers concedes that he has completed his sentence. Brief of Appellant, at 3 ("Appell[ant] acknowledges that he was not currently serving a sentence of imprisonment[,] probation or parole at the time of filing the PCRA petition or at the time of the hearing."). However, he argues that the PCRA court still has jurisdiction due to the "collateral consequences that are associated with his conviction." *Id.* Specifically, Ayers asserts that, while he was serving his sentence, his parental rights to his child were terminated "based on his incarceration and conviction." *Id.* at 12. He further claims that the "alleged victim . . . falsified testimony, committed perjury, and conspired with others to commit perjury" and "went to great lengths in many different counties to

- 4 -

falsely accuse [Ayers] of crimes as a way of maintaining sole custody of their child." **Id.** Ayers is entitled to no relief.

> Our [S]upreme [C]ourt has held that, to be eligible for relief under the PCRA, the petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime." 42 Pa.C.S.A. § 9543(a)(1)(i). As soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition. In addition, this [C]ourt determined in **Commonwealth v. Fisher**, 703 A.2d 714 (Pa. Super. 1997), that the *PCRA precludes relief for those petitioners whose sentences have expired, regardless of the collateral consequences of their sentence*.

**Hart**, 911 A.2d at 941–42 (some citations omitted; emphasis added).

In light of the foregoing, even if Ayers' custody-related issues amounted to collateral consequences of his sentence, he is still ineligible for relief under the PCRA because he is no longer serving a sentence. **Ahlborn**, **supra**. Accordingly, we affirm the order of the PCRA court denying Ayers relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/6/18

- 5 -