J-S39006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JUSTIN E. THORPE | |
| Appellant | No. 333 MDA 2018 |

Appeal from the PCRA Order Entered February 1, 2018
In the Court of Common Pleas of the 41st Judicial District
Perry County Branch
Criminal Division at No.: CP-50-CR-491-2016

BEFORE:  STABILE, MURRAY, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                **FILED AUGUST 14, 2018**

Appellant Justin E. Thorpe *pro se* appeals from the February 1, 2018 order of the Court of Common Pleas of the 41st Judicial District, Perry County Branch, which denied his request for collateral relief under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-46.  Upon review, we dismiss this appeal because Appellant is not eligible for relief under the PCRA.

The facts and procedural history of this case are uncontested.  On January 12, 2017, Appellant entered into a negotiated guilty plea to one count of possession of drug paraphernalia (35 P.S. § 780-113(a)(32)) and was sentenced to 30-days' imprisonment,[1] which was to run concurrently with any

---

[1] Based on the guilty plea transcript, it appears that his 30-days' sentence "would begin January 4th, 2017."  N.T. Guilty Plea, 1/12/17, at 2.  In effect, he received credit for time served since January 4, 2017.

other sentence Appellant was then serving. Appellant did not file a direct appeal. On May 25, 2017, Appellant *pro se* filed a PCRA petition, claiming ineffective assistance of counsel for failing to apprise him of the consequences of the guilty plea. Appellant claimed that his guilty plea triggered a parole violation, resulting in recommitment until early 2021. The PCRA court appointed counsel who eventually filed a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) and petitioned to withdraw from the case. The PCRA court granted counsel's petition on September 27, 2017. Following its issuance of a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing, the PCRA court denied Appellant PCRA relief on November 17, 2017. Appellant did not appeal to this Court.

On January 18, 2018, Appellant filed a "Petition for Writ of *Habeas Corpus/Coram Nobis*," reasserting a claim for ineffective assistance of counsel with respect to the January 12, 2017 guilty plea. Seemingly treating the filing as his second PCRA petition, the court denied him relief on February 1, 2018.[2]

---

[2] Section 9542 of the PCRA provides in that the PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including **habeas corpus** and **coram nobis**." 42 Pa.C.S.A. § 9542 (emphasis added). Thus, the PCRA statute subsumes *habeas corpus* and the writ of *coram nobis*. **See Commonwealth v. West**, 938 A.2d 1034, 1043 (Pa. 2007) (stating that "the PCRA subsumes all forms of collateral relief, including *habeas corpus*, to the extent a remedy is available under such

Appellant timely appealed to this Court. The PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant complied, asserting seventeen assertions of error. In response, the PCRA court issued a Pa.R.A.P. 1925(a) opinion.

On appeal,[3] Appellant raises twelve issues for our review:

[I.] Was counsel ineffective by advising [A]ppellant to enter into an involuntary and unknowing plea of guilty without informing him of all of the facts needed to make an intelligent and knowing decision?

[II.] Did trial court err by not ordering a P.S.I., or stating on the record the reason for dispensing of such?

[III.] Did trial court err by not informing [A]ppellant of the collateral consequences regarding revocation of parole as a result of pleading guilty?

[IV.] Did the sentencing judge err by never considering other pre-existing orders imposed on the [A]ppellant prior to sentencing?

[V.] Did the judge fail to meet the requirements of Rule 590 in that she did not conduct a proper oral colloquy?

[VI.] Did the trial court err by not providing written colloquy?

[VII.] Did trial court err by dismissing [A]ppellant's PCRA as moot due to his sentence being expired?

[VIII.] Would [A]ppellant have plead guilty had he understood the consequences of his plea, and had known that a finding of guilt

---

enactment.") (emphasis omitted); *see also Commonwealth v. Turner*, 80 A.3d 754, 770 (Pa. 2013) ("The PCRA at Section 9542 subsumes the remedies of *habeas corpus* and *coram nobis*."); *accord Commonwealth v. Descardes*, 136 A.3d 493, 501 (Pa. 2016). Accordingly, the trial court properly treated Appellant's filing as his second PCRA petition.

[3] "In PCRA proceedings, an appellate court's scope of review is limited by the PCRA's parameters; since most PCRA appeals involve mixed questions of fact and law, the standard of review is whether the PCRA court's findings are supported by the record and free of legal error." *Commonwealth v. Pitts*, 981 A.2d 875, 878 (Pa. 2009) (citation omitted).

would keep him incarcerated for 4 years instead of the agreed upon 30 days?

[IX.] Was due process denied to [A]ppellant during the guilty plea colloquy and process?

[X.] Was there a breakdown in the process of court?

[XI.] Was the paraphernalia in question ever tested for marijuana use?

[XII.] Was the paraphernalia in question possessed by [A]ppellant?

Appellant's Brief at 3-4 (sic).

At the outset, before we may review the merits of this case, we must consider whether Appellant is eligible for relief under the PCRA. To be eligible for relief under the PCRA, a petitioner must either be "currently serving a sentence of imprisonment, probation or parole for the crime," "awaiting execution of a sentence of death for the crime," or "serving a sentence which must expire before the person may commence serving the disputed sentence." 42 Pa.C.S.A. § 9543(a)(1)(i)-(iii).

Our Supreme Court and this Court have consistently interpreted Section 9543(a) to require that a PCRA petitioner be serving a sentence while relief is being sought. *Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997); *Commonwealth v. Martin*, 832 A.2d 1141, 1143 (Pa. Super. 2003). As our Supreme Court explained in *Ahlborn*, the denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the PCRA statute. *Ahlborn*, 699 A.2d at 720. Indeed, to be eligible for relief, a petitioner must be currently serving a sentence of imprisonment, probation,

or parole. *Id.* To grant relief at a time when an appellant is not currently serving such a sentence would be to ignore the language of the PCRA. *Id.*

Moreover, we have explained that "the [PCRA] preclude[s] relief for those petitioners whose sentences have expired, regardless of the collateral consequences of their sentence." *Commonwealth v. Fisher*, 703 A.2d 714, 716 (Pa. Super. 1997). It is well settled that the PCRA court loses jurisdiction the moment an appellant's sentence expires. *See Commonwealth v. Turner*, 80 A.3d 754, 769 (Pa. 2013) (holding that when a petitioner's sentence expires while his PCRA petition is pending before the PCRA court, the PCRA court loses jurisdiction to rule on the merits of the petition).

Here, based on our review of the record, we agree with the Commonwealth that Appellant does not meet any of the foregoing eligibility requirements as he had completed his January 12, 2017 sentence of 30 days' imprisonment, by the time he filed the instant petition on January 18, 2018. Thus, the appeal *sub judice* must be dismissed for want of jurisdiction.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/14/18

- 5 -