J-S42025-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| REJEANA MARIA SILLA | : | |
| | : | |
| Appellant | : | No. 1541 WDA 2021 |

Appeal from the PCRA Order Entered October 22, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0013554-2013

BEFORE:   BOWES, J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:                    **FILED: JANUARY 10, 2023**

Appellant, ReJeana Maria Silla, appeals *pro se* from the order entered on October 22, 2021, which dismissed her petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On February 18, 2014, Appellant entered a negotiated guilty plea to possessing instruments of crime, disorderly conduct, prostitution, and possessing a controlled substance.[1]   That day, the trial court sentenced Appellant to serve the negotiated term of nine months of probation.  N.T. Guilty Plea and Sentencing Hearing, 2/18/14, at 7-8.  Appellant did not file a

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1]  18  Pa.C.S.A.  §§ 907(a),  5503(a)(3),  5902(a)(1),  and  35  P.S.
§ 780-113(a)(16), respectively.

direct appeal from her judgment of sentence and she completed her sentence of probation on November 17, 2014. *See* PCRA Court Opinion, 4/28/22, at 3.

On November 21, 2019, Appellant filed a PCRA petition. Within the petition, Appellant sought to withdraw her February 18, 2014 guilty plea because, she claimed, she was forced to plead guilty and the arresting officer later told her that he was "told to lie." *See* Appellant's PCRA Petition, 11/21/19, at 3-7.

Since this was Appellant's first petition for post-conviction collateral relief, the PCRA court appointed counsel to represent her in the proceedings. However, on January 30, 2020, appointed counsel filed a motion to withdraw as counsel and a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On February 5, 2021, the PCRA court granted counsel leave to withdraw and issued Appellant notice that it intended to dismiss her petition in 20 days without holding a hearing. PCRA Court Order, 2/5/21, at 1; *see also* Pa.R.Crim.P. 907(1). As the PCRA court later explained, it granted counsel leave to withdraw and issued the 20-day notice because Appellant was no longer serving a sentence of probation for her convictions and Appellant filed her petition outside of the PCRA's one-year time-bar. *See* PCRA Court Opinion, 4/28/22, at 2-3.

Appellant filed a response to the PCRA court's notice of intent to dismiss on March 3, 2021. Nevertheless, the PCRA court finally dismissed Appellant's petition on October 22, 2021. PCRA Court Order, 10/22/21, at 1.

Appellant filed a timely notice of appeal. On appeal, Appellant contends that the PCRA court erred in construing her petition under the PCRA. According to Appellant, the PCRA does not encompass her claims and, therefore, the requirements of the PCRA do not apply to her petition. Appellant's contention fails and the PCRA court properly dismissed her petition.

We "review an order granting or denying PCRA relief to determine whether the PCRA court's decision is supported by evidence of record and whether its decision is free from legal error." *Commonwealth v. Liebel*, 825 A.2d 630, 632 (Pa. 2003).

The PCRA "provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S.A. § 9542. As the statute declares, the PCRA "is the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies . . . including *habeas corpus* and *coram nobis*." *Id.*; *see also Commonwealth v. Ahlborn*, 699 A.2d 718, 721 (Pa. 1997). Thus, under the plain terms of the PCRA, "if the underlying substantive claim is one that could potentially be remedied under the PCRA, that claim is **exclusive to** the PCRA." *Commonwealth v. Pagan*, 864 A.2d 1231, 1233 (Pa. Super. 2004) (emphasis in original).

- 3 -

Within Appellant's petition, Appellant requested to withdraw her plea, as her plea was coerced and the arresting officer informed her that he was "told to lie." **See** Appellant's PCRA Petition, 11/21/19, at 3-7. However, the PCRA undoubtedly encompasses Appellant's claims, as the claims concern "matters affecting [Appellant's] conviction [or] sentence." **Commonwealth v. Judge**, 916 A.2d 511, 520 (Pa. 2007), *quoting* **Coady v. Vaughn**, 770 A.2d 287, 293 (Pa. 2001) (Castille, J., concurring); **see also** 42 Pa.C.S.A. § 9542 ("[the PCRA] provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief").

Appellant's claims thus fall under the rubric of the PCRA and, since the PCRA encompasses Appellant's claims, Appellant "can only find relief under the PCRA's strictures." **Pagan**, 864 A.2d at 1233; **see also Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa. Super. 2011) ("[petitioner's legality of sentence] claim is cognizable under the PCRA. . . . [Thus, petitioner's] 'motion to correct illegal sentence' is a PCRA petition and cannot be considered under any other common law remedy").

To be eligible for relief under the PCRA:

> the petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime." 42 Pa.C.S.A. § 9543(a)(1)(i). As soon as [her] sentence is completed, the petitioner becomes ineligible for relief, regardless of whether [she] was serving [her] sentence when [she] filed the petition. In addition, this [C]ourt determined in **Commonwealth v. Fisher**, 703 A.2d 714 (Pa. Super. 1997), that the PCRA precludes relief for those petitioners

- 4 -

whose sentences have expired, regardless of the collateral consequences of their sentence. *Id.* at 716 (citations omitted).

*Commonwealth v. Hart*, 911 A.2d 939, 941–942 (Pa. Super. 2006) (some citations omitted).[2]

On February 18, 2014, the trial court sentenced Appellant to serve nine months of probation. Appellant's sentence was effective immediately, and she completed her sentence of probation on November 17, 2014. *See* PCRA Court Opinion, 4/28/22, at 3. Appellant has thus completed serving her sentence on the crimes for which she seeks relief.

Therefore, pursuant to Section 9543 of the PCRA, Appellant cannot now obtain collateral relief on her underlying convictions or sentence, as her sentence is complete. *See*, *e.g.*, *Commonwealth v. Martin*, 832 A.2d 1141, 1143 (Pa. Super. 2003) (affirming dismissal of PCRA petition because petitioner completed serving the sentence on the crime for which he sought

---

[2] In relevant part, Section 9543 of the PCRA declares:

> (a) General rule.--To be eligible for relief under [the PCRA], the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> > (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
> >
> > > (i) currently serving a sentence of imprisonment, probation or parole for the crime[.]

42 Pa.C.S.A. § 9543(a)(1)(i).

relief); ***Commonwealth v. Fields***, 197 A.3d 1217, 1222 (Pa. Super. 2018) (*en banc*) (plurality) ("section 9543 requires that a petitioner be serving a sentence of incarceration at the time relief is granted; if they are not, they are ineligible for post-conviction relief") (emphasis omitted). Given that Appellant can no longer obtain relief because she is not currently serving a sentence, dismissal of Appellant's PCRA petition was proper, and we may not consider the merits of Appellant's claims on appeal.[3]

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/10/2023

---

[3] We further note that dismissal was also proper because Appellant filed her petition outside of the PCRA's one-year time-bar and she did not plead a valid statutory exception to the time-bar. ***See*** 42 Pa.C.S.A. § 9545(b). Thus, since Appellant's PCRA petition is manifestly untimely and Appellant did not plead any of the statutory exceptions to the one-year time-bar, our "courts are without jurisdiction to offer [Appellant] any form of relief." ***Commonwealth v. Jackson***, 30 A.3d 516, 523 (Pa. Super. 2011).