J-S20011-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA　　:　　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　　　　　　　:　　　　　　　PENNSYLVANIA
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　v.　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
KAITLYN YOUMANS　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　Appellant　　　　　　　　:　　No. 1201 MDA 2023

Appeal from the PCRA Order Entered June 27, 2023
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-CR-0002025-2020

BEFORE:   OLSON, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:　　　　　　　　**FILED: OCTOBER 15, 2024**

Appellant, Kaitlyn Youmans, appeals *pro se* from the June 27, 2023 order disposing of her petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541–9546.  Upon review, we are constrained to quash this appeal.

On May 19, 2022, Appellant entered a plea of *nolo contendere* to one count of interference with child custody.  That same day, the trial court sentenced Appellant to three to 24 months incarceration.  Appellant filed a direct appeal with the assistance of counsel, but later discontinued that challenge.

On May 9, 2023, Appellant filed a timely *pro se* PCRA petition.  In her *pro se* petition, Appellant argued, *inter alia*, plea counsel provided ineffective

_____

[*] Former Justice specially assigned to the Superior Court.

assistance, the Commonwealth committed an unspecified **Brady**[1] violation, and her *nolo contendere* plea was entered unknowingly and involuntarily. The PCRA court appointed counsel who filed an amended PCRA petition on June 26, 2023. Counsel did not include any of the aforementioned issues identified by Appellant in her *pro se* PCRA petition. Instead, counsel requested the court to "correct [Appellant's] name in the case caption" because "her prior Kaitlyn Youmans name [was] creating problems" in "obtaining . . . parole" and getting "released to return to her home state in Louisiana." Appellant's Amended PCRA Petition, 6/26/23, at *4 (un-paginated). On June 27, 2023, the court entered an order "amend[ing] and modif[ying]" the "court docket case caption and sentence entered on May 19, 2022 . . . to correct [Appellant's name] to Kaitlyn Michelle Cooper, f/k/a Kaitlyn Michelle DeMarco f/k/a Kaitlyn Michelle Tomasovich, f/k/a Kaitlyn Michelle Youmans." PCRA Court Order, 6/27/23, at *1 (un-paginated) (unnecessary capitalization omitted). The court also canceled the July 25, 2023 hearing scheduled for Appellant's petition. **Id.** Thereafter, on June 28, 2023, court-appointed counsel sought leave to withdraw as counsel and the PCRA court granted leave the next day.

On August 1, 2023, Appellant, acting *pro se*, filed an "Application for Extension to File [a] Supplement [and] Appeal of PCRA." In her filing, Appellant challenged PCRA counsel's failure to raise the claims set forth in her *pro se* PCRA petition and asked the court for an "extension [to] either . .

---

[1] **Brady v. Maryland**, 373 U.S. 83 (1963).

. appeal" or "supplement" her claims. Appellant's Application, 8/1/23, at *1 (un-paginated). On August 3, 2023, the PCRA court entered an order granting Appellant relief, further stating that Appellant had "[30] days from the date of [its August 3, 2023] order to file a notice of appeal." PCRA Court Order, 8/3/23, at *1 (un-paginated) (unnecessary capitalization omitted).[2] Appellant filed a notice of appeal on August 17, 2023.

On September 13, 2023, this Court remanded the matter to the PCRA court to determine Appellant's eligibility for court-appointed counsel. In response, the PCRA court issued an order on September 20, 2023, directing Appellant to "provide the [c]ourt with a status on her representation." PCRA Court Order, 9/20/23, *1 (un-paginated). Appellant did not comply with the court's order. As such, on October 18, 2023, the PCRA court entered an order reflecting its determination that Appellant was ineligible for court-appointed counsel because of her lack of compliance, as well as the fact that she was no longer incarcerated. **See** PCRA Court Order, 10/18/23, at *1, n.1 (un-paginated) (explaining that Appellant was released from incarceration on August 28, 2023). This Court, however, remanded the matter to the PCRA court for the second time, citing the PCRA court's failure to conduct an

_____

[2] The PCRA court noted that Appellant's August 1, 2023 filing was "more than [30] days from [its o]rder granting her PCRA relief." PCRA Court Order, 8/3/23, at *1, n.1. The court, however, recognized that Appellant's filing was dated July 26, 2023, and deemed her filing to be timely pursuant to the prisoner mailbox rule. **Id.**; **see Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997) (explaining that, pursuant to the "prisoner mailbox rule," a document is deemed filed on the date an inmate deposits the mailing with prison authorities or placed it in the prison mailbox).

on-the-record colloquy pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998) and ensure Appellant's waiver of counsel was made knowingly, intelligently and voluntarily. On November 5, 2023, the PCRA court appointed counsel to represent Appellant. Court-appointed counsel subsequently failed to file a docketing statement. As such, this Court remanded the matter for a third time and instructed the PCRA court to conduct an abandonment hearing. On February 6, 2024, court-appointed counsel sought leave to withdraw as counsel. The PCRA court convened a ***Grazier*** hearing on March 25, 2024, during which the court granted counsel leave to withdraw and granted Appellant permission to proceed to *pro se*, concluding that Appellant forfeited her right to court-appointed counsel.

Appellant raises multiple issues on appeal, all of which revolve around her desire to "pursue the claims she originally raised [in her *pro se* PCRA petition]." PCRA Court Opinion, 11/21/23 at 2; ***see generally*** Appellant's Brief. Before reviewing Appellant's claims, however, we must address the timeliness of her appeal. The timeliness of an appeal implicates our jurisdiction, which we may raise *sua sponte*. ***Commonwealth v. Andre***, 17 A.3d 951, 957–958 (Pa. Super. 2011).

"An order granting, denying, dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal." Pa.R.Crim.P. 910. In general, a notice of appeal must "be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a); ***see also Commonwealth v. Patterson***,

940 A.2d 493, 498 (Pa. Super. 2007) ("[A] court may not enlarge the time for filing a notice of appeal as a matter of grace or indulgence.") (citation omitted).

Herein, the PCRA court entered an order disposing of Appellant's PCRA petition on June 27, 2023. Thus, in accordance with Pa.R.Crim.P. 910 and Pa.R.A.P. 903(a), Appellant needed to file her notice of appeal on or before July 27, 2023. Appellant failed to do so. Instead, Appellant submitted a filing challenging PCRA counsel's apparent abandonment of the claims set forth in her *pro se* PCRA petition and did not file a notice of appeal until August 17, 2023, nearly 21 days after the time for filing a notice of appeal passed. As such, Appellant's appeal is manifestly untimely and we lack jurisdiction to consider her claims.[3]

_____

[3] This Court has, at times, declined to quash an appeal if "the failure to file a timely appeal [results from] a breakdown in the court system." **Commonwealth v. Stansbury**, 219 A.3d 157, 160 (Pa. Super. 2019). A breakdown generally occurs if a trial court misstates or misinforms an appellant regarding the rules governing post-sentence motions or the time for filing an appeal. **See Commonwealth v. Coolbaugh**, 770 A.2d 788, 791 (Pa. Super. 2001) (explaining that this Court may decline to quash an untimely appeal if "the problem arose as a result of the trial court's misstatement of the appeal period, which operated as a breakdown in the court's operation."). In the instant appeal, after the PCRA court disposed of Appellant's petition, it received a filing from Appellant wherein she indicated her displeasure with her PCRA counsel's decision to abandon the claims raised in her *pro se* PCRA petition. Arguably, Appellant's submission sounded in a challenge to PCRA counsel's effective assistance. Importantly, pursuant to **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), a litigant may "raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." **Id.** at 401. In some instances, this may require the appellate court to "remand [the matter] to the PCRA court for further development of the record

*(Footnote Continued Next Page)*

and for the PCRA court to consider such claims as an initial matter." **Id.** at 402. Under **Bradley**, therefore, a PCRA court, upon receipt of a filing challenging PCRA counsel's effectiveness, ostensibly may allow for further proceedings or filings to consider the matter. In this case, however, after the PCRA court received Appellant's *pro se* submission, the PCRA court did not allot for additional filings or elect to conduct a hearing to consider Appellant's potential **Bradley** claims. Rather, the PCRA court simply provided Appellant with additional time to appeal its June 27, 2023 order, which it lacked jurisdiction to do. **See Reading Anthracite Co. v. Rich**, 577 A.2d 881, 886 (Pa. 1990) ("Trial courts ... do not have the jurisdiction or power to extend or obviate the time in which an appeal may be lodged in [ ] appellate courts."). We are unable to locate any published authority holding that a PCRA court's errant grant of an appellant's request to extend the appeal period constitutes a breakdown in the court system.

Unpublished decisions from this Court, however, have held that the erroneous grant of a motion or petition to extend the time for filing a notice of appeal is a breakdown in the court's system. **See Commonwealth v. Brown**, 2017 WL 1292384, *1, *2 n.7 (Pa. Super. April 6, 2017) (non-precedential decision) (explaining that a breakdown in the court system occurred "because the trial court erroneously extended the time for [a]ppellant to file his appeal."); **Commonwealth v. Keel**, 2013 WL 11256504, *1, *4 (Pa. Super. Aug. 22, 2013) (non-precedential decision) (holding that "where counsel's error in filing a late notice of appeal is attributable to the PCRA court's purported extension of the appeal period ... a breakdown in operation of the court occur[s]."). In making this determination, the aforementioned panels cited this Court's prior decision in **Coolbaugh** to support the conclusion that a trial court's grant of a motion to extend the time to file an appeal misleads a defendant and, as such, a breakdown occurs. **Coolbaugh**, however, does not stand for this proposition. Indeed, the **Coolbaugh** Court did not determine that a breakdown occurred because the trial court erred in granting a motion to extend the time for filing an appeal. Rather, a breakdown was found because, at the time of sentencing, the trial court misstated the rules governing the time for filing a post-sentence motion and an appeal. **See Coolbaugh**, 770 A.2d at 791. Accordingly, we respectfully conclude that **Brown** and **Keel** misapplied **Coolbaugh** in holding that a trial court's errant grant of a motion to extend the time for filing an appeal constitutes a breakdown in the system and decline to so find in the present case. Instead, we conclude that the PCRA court's error in directing Appellant to file a notice of appeal within 30 days of its August 3, 2023 order does not constitute a breakdown in the court system that enables us to consider the merits of Appellant's claims. **See**
*(Footnote Continued Next Page)*

Importantly, however, we briefly note that, even if we had jurisdiction over the instant appeal, we would affirm the PCRA court's order because Appellant is not eligible for PCRA relief.

We previously determined:

To be eligible for relief under the PCRA:

the petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime." 42 Pa.C.S.A. § 9543(a)(1)(i). As soon as [her] sentence is completed, the petitioner becomes ineligible for relief, regardless of whether [she] was serving [her] sentence when [she] filed the petition. In addition, this [C]ourt determined in **Commonwealth v. Fisher**, 703 A.2d 714 (Pa. Super. 1997), that the PCRA precludes relief for those petitioners whose sentences have expired, regardless of the collateral consequences of their sentence. **Id.** at 716 (citations omitted).

**Commonwealth v. Hart**, 911 A.2d 939,942 (Pa. Super. 2006) (some citations omitted).[4]

_____

**Commonwealth v. Santiago**, 2020 WL 1527266 *1 (Pa. Super. March 30, 2020) (non-precedential decision) (quashing appellant's appeal and noting that the trial court's errant grant of the appellant's motion for an extension of time to file an appeal did not result in a breakdown in the court system).

[4] In relevant part, Section 9543 of the PCRA declares:

**(a) General rule.--**To be eligible for relief under [the PCRA], the petitioner must plead and prove by a preponderance of the evidence all of the following:

(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

(i) currently serving a sentence of imprisonment, probation or parole for the crime[.]

42 Pa.C.S.A. § 9543(a)(1)(i).

On May 19, 2022, the trial court ordered Appellant to serve three to 24 months' incarceration. No further consecutive punishment, including probationary supervision, was ordered. Hence, Appellant's sentence in this case expired on May 19, 2024 and she is no longer serving a sentence for her conviction. In accordance with our precedent and the plain language of Section 9543(a)(1)(i), Appellant is not "currently serving a sentence of imprisonment, probation or parole" for her crimes and, as such, Appellant is not eligible for PCRA relief. *Id.*

Appeal quashed.

President Judge Emeritus Stevens joins the memorandum.

Judge Kunselman concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/15/2024