J-A26014-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL WILLIAM DIEBOLD | : | |
| | : | |
| Appellant | : | No. 277 WDA 2025 |

Appeal from the Order Entered April 23, 2025
In the Court of Common Pleas of Armstrong County
Criminal Division at No: CP-03-CR-0000158-2020

BEFORE:  OLSON, J., STABILE, J., and KING, J.

MEMORANDUM BY STABILE, J.:                **FILED: JANUARY 29, 2026**

Appellant, Michael William Diebold, appeals from the April 23, 2025, order entered in the Court of Common Pleas of Armstrong County denying his writ of habeas corpus that argued his failure to register conviction was illegal and based on an unconstitutional application of Subchapter H of the Sexual Offenders Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.11-9799.42.  Upon review, we affirm.

On December 11, 2018, Appellant pled guilty to statutory sexual assault, unlawful contact with a minor and criminal use of a communication facility in Westmoreland County (CP-65-CR-339-2018).  Appellant was sentenced to an aggregate term of 9 to 23 months' incarceration, followed by three years of probation.  Additionally, he was designated a Tier II sexual offender under SORNA and subject to registration requirements for 25 years.  Relevant to this appeal, Appellant was required to register any "[d]esignation used by the

individual for purposes of routing or self-identification in Internet communications or postings." 42 Pa.C.S.A. § 9799.16(b)(2). He was further required to "appear in person at an approved registration site within three business days to provide current information relating to . . . [a]n addition, change in or termination of e-mail address, instant message address or any other designations used in Internet communications or postings." 42 Pa.C.S.A. § 9799.15(g)(8).

On January 28, 2020, Appellant was charged with failure to comply with registration requirements[1] because he did not register the email address mff228@gmail.com as an internet identifier. Appellant pled guilty on October 6, 2021, and was sentenced on February 22, 2022, to a term of 18 to 36 months of incarceration. No direct appeal was filed.

Appellant filed a *pro se* writ of habeas corpus on May 16, 2024, which he subsequently withdrew without prejudice on July 12, 2024. He then filed a *pro se* writ of habeas corpus on August 12, 2024. In it, Appellant argued that his conviction for failure to register was unlawful because the SORNA registration requirements attached to his Westmoreland convictions applied retroactively in violation of the *ex post facto* laws. He contends that his triggering offense in Westmoreland County for SORNA occurred after SORNA I was declared unconstitutional by ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017), and before the enactment of SORNA II. Thus, the application of

---

[1] 18 Pa.C.S.A. § 4915.1(a)

SORNA II registration requirements to his triggering offense in Westmoreland County was applied retroactively in violation of the *ex post facto* laws. As such, he contends, his instant conviction for failure to register in Armstrong County is unlawful. Additionally, Appellant argued that the requirement to register internet identifiers is unconstitutional because it violates the First Amendment freedom of speech.

The Commonwealth filed a response, and a hearing was held on November 21, 2024. Appellant subsequently filed a notice of appeal on March 3, 2025, stating that he was appealing from the denial of his writ of habeas corpus by operation of law pursuant to Pa.R.Crim.P. 720(B)(3)(b).

On April 1, 2025, this Court issued a rule to show cause why the appeal should not be quashed as "having been taken from a purported order which was not entered upon the appropriate docket of the lower court." Order, 4/1/25. Appellant responded that his appeal was timely because his writ of habeas corpus was denied by operation of law. The appeal was quashed on April 22, 2025. Appellant filed a motion to reinstate appeal on April 28, 2025, asserting that the trial court entered an order denying his writ on April 23, 2025, and issued a supplemental Pa.R.A.P. 1925(a) opinion urging this Court to reinstate the appeal and consider it to be taken from a final order. We reinstated the appeal on May 2, 2025. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Whether Appellant's conviction under 18 Pa.C.S.A. § 4915.1(a)(1) must be vacated as unconstitutional when the alleged failure-to-register offense occurred during a period after SORNA I had been invalidated (***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017)) and before SORNA II became effective, such that applying any registration requirement to Appellant violated the ex post facto clauses and equal protection guarantees of the United States and Pennsylvania Constitutions.

2. Whether the requirement under SORNA II that Appellant register all internet identifiers (e.g. email addresses, usernames, and designations used in online communications) violates the First Amendment to the United States Constitution (and Article I § 7 of the Pennsylvania Constitution) both on its face and as applied, in that it impermissibly chills anonymous speech, is overboard and not narrowly tailored to a compelling or significant government interest, is unconstitutionally vague due to lack of statutory guidance, and has been enforced by the Pennsylvania State Police (PSP) in an overreaching manner (including collection of website/account data beyond what the statute authorizes).

Appellant's Brief, at 13.

It is well-established that, generally, any request for relief after an appellant's judgment becomes final must be treated as a PCRA petition if the issue is cognizable under the PCRA. ***See***, ***e.g.***, ***Commonwealth v. Fantauzzi***, 275 A.3d 986 (Pa. Super. 2022). A challenge to the legality of a sentence falls within the scope of the PCRA. ***See***, ***e.g.***, ***Commonwealth v. Prinkey***, 277 A.3d 554, 560 (Pa. 2022).

While Appellant resorted to filing a writ of habeas corpus to challenge the legality of his sentence for failure to register, the proper way to challenge the legality of his sentence here is through a PCRA petition. ***Id.***; ***see also*** 42 Pa.C.S.A. § 9542 (noting that the PCRA is the "sole means of obtaining

collateral relief and encompasses all other common law statutory remedies . . . including habeas corpus"). In his brief, Appellant suggests he is not subject to the PCRA requirement in light of **Commonwealth v. Lacombe**, 234 A.3d 602, 618 (Pa. 2022). **See** Appellant's Brief, at 1-2. Appellant believes that under **Lacombe** he can challenge the legality of his sentence in any way and at any time that he chooses. We disagree.

In **Lacombe**, our Supreme Court was tasked with determining whether retroactive application of Subchapter I (continued registration of sexual offenders) of SORNA was punitive and violated the *ex post facto* laws, and whether the PCRA was the exclusive means to challenge sexual offender registration. **Lacombe**, 234 A.3d at 608. Subchapter I applies to "those sexual offenders whose crimes occurred between April 22, 1996[,] and December 20, 2012." **Id.** at 615.

The **Lacombe** opinion encompassed two defendants – Claude Lacombe and Michael Witmayer. Lacombe was convicted of sexual offenses in 1997. **Id.** at 606. As part of his sentence, he was required to register under the then-applicable version of Meghan's Law for a period of ten years upon his release from prison. **Id.** Lacombe was released from prison in 2005, and his registration period would have ended in 2015. **Id.** In the interim, our "General Assembly enacted the first version of SORNA, under which Lacombe was . . . required to comply with the [registration requirements] for the remainder of his life." **Id.** Relying on **Muniz**, Lacombe filed a petition to

terminate his sexual offender registration requirements in February 2018, and the trial court granted it. *Id.*

In 2014, Witmayer was convicted of sexual offenses that occurred between January 2006 and December 2012 and was required to register under SORNA for the remainder of his life. *Id.* at 607. In 2018, Witmayer filed a timely PCRA petition and, relying on *Muniz*, argued that because his conduct which formed the basis of his convictions occurred before SORNA was enacted, retroactive application of the registration requirements constituted an *ex post facto* violation. *Id.* The court granted Witmayer's PCRA petition, finding that *Muniz* ruled Subchapter I unconstitutional. *Id.* at 608.

The *Lacombe* Court "decline[d] to find the PCRA, or any other procedural mechanism, is the exclusive method for challenging sexual offender registration statutes[.]" *Id.* at 618. It explained:

> Our approach in this regard takes into account the fact that frequent changes to sexual offender registration statutes, along with more onerous requirements and retroactive application, complicate registrants' ability to challenge new requirements imposed years after their sentences become final.
>
> This is especially so under the PCRA as many registrants, Lacombe included, would be ineligible for relief on timeliness grounds. Other registrants may be ineligible because their sentence has expired while their registration requirements continue. Both situations arise from the fact that the registration period does not begin until registrants are released from prison, which may be well after their sentence has become final or may signal the completion of their sentence.

*Id.* at 617 (citations omitted). Additionally, our High Court concluded that Subchapter I of SORNA, enacted post-***Muniz*** "does not constitute criminal punishment, and the *ex post facto* claims . . . fail." *Id.* at 626-27.

Three years later, in ***Commonwealth v. Hagan***, 306 A.3d 414 (Pa. Super. 2023), this Court was tasked with determining whether the court erred in treating a writ of *habeas corpus* challenging the sexual offender registration statute as a PCRA petition, and whether the appellant's conviction for failure to register violated *ex post facto* laws. ***Hagan***, 306 A.3d at 421. In 1992, Hagan was convicted of sexual offenses, and at the time, was not subject to any sexual offender registration requirements. *Id.* at 417. While Hagan was incarcerated, our General Assembly enacted Megan's Law I in 1996, Megan's Law II in 2000, and Megan's Law III in 2004. *Id.* With the enactment of Megan's Law I, Hagan was subject to registration as a sexual offender. *Id.* "Megan's Law III involved an addition to the Crimes Code codified at Section 4915(a)(1), which made it a criminal offense when a sexual offender, subject to registration, failed to register his or her residential address with the Pennsylvania State Police." *Id.* at 418.

In 2009, police discovered that Hagan, as a sexual offender subject to lifetime registration, failed to register his address, and he was charged under Section 4915(a)(1). *Id.* In 2021, Hagan filed a writ of *habeas corpus* and argued he was entitled to relief because his conviction for failure to register was unlawful. *Id.* at 420. In ***Commonwealth v. Neiman***, 84 A.3d 603 (Pa. 2013), our Supreme Court held that Megan's Law III, which codified failure to

register in the Crimes Code, was unconstitutional.[2] *Id.* at 419. Our Supreme Court, in *Commonwealth v. Derhammer*, 173 A.3d 723 (Pa. 2017), "clarified the implications of *Neiman* and held that the Commonwealth lacked authority to prosecute a defendant for violating Section 4915 after *Neiman* invalidated Megan's Law III." *Id.* at 419. In 2020, in *Commonwealth v. McIntrye*, 232 A.3d 609 (Pa. 2020), a petitioner was granted relief because he asserted, in a timely PCRA petition, that his conviction and sentence under Section 4915 was unlawful since the statute was invalid from its inception. *Id.* at 420.

Hagan argued that he was entitled to relief pursuant to *Neiman*, *Derhammer*, and *McIntrye*. *Id.* The court treated Hagan's writ of *habeas corpus* as a PCRA and determined it was untimely. *Id.* Relying on *Lacombe*, Hagan argued that the writ of *habeas corpus* was the proper mechanism to raise a constitutional challenge to his 2009 conviction. *Id.*

On appeal, we agreed that despite Hagan's characterization of his claim, his writ was properly treated as a PCRA. *Id.* at 429. Hagan's assertion that the statute under which he was convicted was void *ab initio* because it was passed in an unconstitutional fashion necessarily implicates the trial court's authority to impose a sentence, given that a court is not empowered to sentence an individual for a non-existent criminal offense. *Id.* Therefore, we

---

[2] We note that the current version of the failure to register statute under which Appellant was convicted, codified at 18 Pa.C.S.A. § 4915.1, has not been held unconstitutional.

concluded that Hagan's claim was one which implicated the legality of his sentence, a claim cognizable under the PCRA. ***Id.***

Accordingly, there is a jurisdictional distinction between challenging the imposition of sexual offender registration statutes as punitive after conviction, such as in ***Lacombe***, and challenging the legality of the conviction itself, i.e. a failure to register conviction, such as in ***Hagan***. ***Lacombe*** allows a petitioner to raise a claim regarding the retroactive application of punitive sexual offender registration requirements beyond the PCRA's one-year time limitation. Conversely, where a petitioner challenges the legality of a failure to register conviction, as in ***Hagan***, the PCRA time constraints apply.

Here, despite Appellant's characterization of his claim, he does not challenge the application of punitive sexual offender registration requirements. Rather, he is appealing his "conviction and sentence at CP-03-CR-0000158-2020, on constitutional grounds, asserting that the conviction is *void* due to the retroactive and unlawful application of SORNA II[.]" Appellant's Brief, at 11 (emphasis in original). As such, ***Lacombe*** is inapposite. Regardless of how Appellant styled his filing, it should have been treated as a PCRA petition. ***See Commonwealth v. Taylor***, 65 A.3d 462, 466 (Pa. 2013). Once properly characterized as a PCRA petition, it is immediately apparent that Appellant has failed to meet the PCRA eligibility and timeliness requirements.

To be eligible for relief under the PCRA, a petitioner must either be "currently serving a sentence of imprisonment, probation or parole for the

crime," "awaiting execution of a sentence of death for the crime," or "serving a sentence which must expire before the person may commence serving the disputed sentence." 42 Pa.C.S.A. § 9543(a)(1)(i)-(iii).

Our Supreme Court and this Court have consistently interpreted Section 9543(a) to require that a PCRA petitioner be serving a sentence while relief is being sought. *Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997); *Commonwealth v. Martin*, 832 A.2d 1141, 1143 (Pa. Super. 2003). As our Supreme Court explained in *Ahlborn*, the PCRA's plain language requires denial of relief for a petitioner who has finished serving his sentence. *Ahlborn*, 699 A.2d at 720. To be eligible for relief, a petitioner must be currently serving a sentence of imprisonment, probation, or parole. *Id.* To grant relief at a time when a petitioner is not currently serving a sentence would be to ignore the language of the PCRA. *Id.*

Moreover, we have explained that "the [PCRA] preclude[s] relief for those petitioners whose sentences have expired, regardless of the collateral consequences of their sentence." *Commonwealth v. Fisher*, 703 A.2d 714, 716 (Pa. Super. 1997). It is well settled that the PCRA court loses jurisdiction the moment an appellant's sentence expires. *See Commonwealth v. Turner*, 80 A.3d 754, 769 (Pa. 2013) (when petitioner's sentence expires while his PCRA petition is pending before the PCRA court, the court loses jurisdiction to rule on merits of petition).

Based on our review of the record, the Appellant does not meet any of the foregoing eligibility requirements, as he completed his sentence on

- 10 -

February 21, 2025.[3]  As a result, and consistent with **Ahlborn**, Appellant does not meet the eligibility requirements outlined in Section 9543(a).  Accordingly, we do not have jurisdiction over this appeal.[4]

Even if we had jurisdiction to address the issue, it would fail because Subchapter H of SORNA, which Appellant is subject to, was held to be constitutional and not punitive.  **See Commonwealth v. Torsilieri**, 316 A.3d 77, 81 (Pa. 2024) ("Subchapter H, at issue in this appeal, was applied to sexual offenders who committed their offenses on or after December 20, 2012, and thus, to whom **Muniz**'s prohibition against retroactive application of SORNA did not apply.").

_____

[3] Appellant himself acknowledged that he is no longer serving a sentence and attached a copy of his parole order which indicates his sentence expired on February 21, 2025.  **See** Appellant's Brief, Exhibit A.

[4] The underlying writ is also untimely under the PCRA, as it was filed well-beyond a year after his judgment of sentence became final.  Additionally, Appellant does not attempt to establish the application of any exception to the timeliness requirement.  Rather, he mistakenly relies on **Lacombe**.

Appellant also contends that challenges to the legality of a sentence are not waivable.  **See** Appellant's Brief, at 1.  "Although legality of a sentence is always subject to review with the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto."  **Commonwealth v. Armolt**, 294 A.3d 364, 378 (Pa. 2023).

Because Appellant failed to assert a timeliness exception, the PCRA court properly dismissed his petition as untimely.  "Without jurisdiction, we simply do not have the legal authority to address the substantive claim[s]."  **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).  Thus, alternatively, we could have dismissed the underlying filing because neither the trial court nor we have jurisdiction to review the merits of his claims.

Appellant's second claim raises various constitutional challenges and suffers the same fatal defects as his first claim. Appellant was convicted of failure to register, and his challenge is a direct attack on the criminal statute for which he was prosecuted. The PCRA is the exclusive remedy for post-conviction relief and expressly covers constitutional claims. *See* 42 Pa.C.S.A. §§ 9542, 9543(a)(2)(i). Claims may not be asserted under the PCRA, and are deemed waived, "if the petitioner could have raised [them] but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b). Here, Appellant could have raised his constitutional claim on direct appeal but chose not to do so. The claim is deemed waived.

In sum, Appellant's appeal fails for several reasons. Appellant's writ, which should have been treated as a PCRA petition, was untimely; he is not currently serving a sentence; he failed to assert a timeliness exception; and his constitutional claim is waived because Appellant could have raised it on direct appeal, but failed to do so.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 1/29/2026

- 12 -