J-S46041-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS A. DAVIS | : | |
| | : | |
| Appellant | : | No. 1060 WDA 2025 |

Appeal from the Order Entered June 9, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0004098-1989

BEFORE: BOWES, J., NICHOLS, J., and KING, J.

MEMORANDUM BY KING, J.:                           **FILED: APRIL 6, 2026**

Appellant, Thomas A. Davis, appeals from the order entered in the Allegheny County Court of Common Pleas, which dismissed without a hearing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] For the following reasons, we quash the appeal.

The relevant facts and procedural history of this matter are as follows. In 1991, Appellant was convicted of robbery and related offenses at four dockets, and acquitted at the current underlying docket. On January 14, 1992, the court sentenced Appellant to an aggregate 14 to 28 years' imprisonment for his convictions at the remaining four dockets. Appellant did

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

not file a direct appeal.[2] Since that time, Appellant has unsuccessfully litigated numerous serial PCRA petitions, resulting in a tangled procedural web of petitions and appeals at various dockets in both the trial court and this Court. Of note, Appellant's maximum sentence date expired on **January 14, 2020**.[3]

In July 2021, Appellant attempted to file in this Court, at No. 616 WDA 2013,[4] an application for relief seeking the dismissal of charges at the current underlying docket. Essentially, despite his acquittal at that docket, and despite the fact that no appeal remained pending at 616 WDA 2013, Appellant continued to insist that he was still charged. Appellant contended that he had been exonerated by DNA evidence and asserted that the District Attorney's Office had committed fraud in some fashion. This Court denied Appellant's application for relief on July 22, 2021.

Nevertheless, Appellant went on to file an application for relief in the trial court, which dismissed the filing as moot, because Appellant had been

---

[2] In 2014, Appellant purported to file an appeal from his judgment of sentence, which this Court quashed as untimely. *See Commonwealth v. Davis*, No. 1007 WDA 2014 (Pa.Super. filed Feb. 10, 2015) (unpublished memorandum).

[3] According to the Pennsylvania Department of Corrections Inmate and Parolee locator, Appellant is no longer under department supervision. (*See* https://inmatelocator.cor.pa.gov/, last accessed Mar. 10, 2026). Additionally, Appellant has been filing *pro se* documents from a Pittsburgh apartment address since at least June 7, 2021. (*See*, *e.g.*, Pet. for Clarification, 6/7/21).

[4] In an earlier appeal at that docket, this Court affirmed the denial of PCRA relief because Appellant had not been convicted or sentenced for the crime upon which the claim was based. *See Commonwealth v. Davis*, No. 616 WDA 2013 (Pa.Super. filed Oct. 17, 2013) (unpublished memorandum); *see also* Docket No. CP-02-CR-0004098-1989.

acquitted of all charges at the current underlying docket. Appellant appealed, and this Court ultimately quashed the appeal, because Appellant's acquittal of all charges rendered the appeal moot. *See Commonwealth v. Davis*, No. 995 WDA 2021 (Pa.Super. filed Jan. 28, 2022) (unpublished memorandum).

Despite being repeatedly informed by both the PCRA court and this Court that Appellant did not have pending charges at the underlying docket due to his acquittal, Appellant continued to file documents and petitions raising variations of the same claim.[5]

On April 2, 2025, Appellant filed the motion that is the subject of the instant appeal, in the PCRA court, entitled "motion to dismiss charges *nunc pro tunc*." Appellant's argument is difficult to parse and appears to be based upon a fundamental misunderstanding of the terms "plea negotiations" and "plea bargains." (*See, e.g.,* Motion to Dismiss, 4/2/25, at 7). As best we can discern, Appellant purports to claim that he had entered into a "plea negotiation" with the Commonwealth, in which he agreed to postpone the trial to wait for DNA evidence. Appellant once more repeated his allegations of fraud. Nevertheless, an examination of the record confirms that Appellant did **not** enter a guilty plea but proceeded to trial where he was **acquitted** of the charges at the instant docket. Still, Appellant continues to insist, in his

---

[5] For example, on April 17, 2023, Appellant filed a document entitled "Motion to Rescind Judgment Obtained by Fraud," in which Appellant again insisted that he had been exonerated by DNA evidence, and that judicial fraud had resulted in the case proceeding to trial. On May 17, 2023, the court entered an order denying Appellant's petition because he was acquitted of all charges on May 3, 1991. Appellant did not appeal.

motion, that the court should *nunc pro tunc* dismiss his charges or impose specific performance of contractual plea deal terms.

On May 9, 2025, treating Appellant's filing as an untimely PCRA petition, the court sent Pa.R.Crim.P. 907 notice of intent to dismiss the petition without a hearing because Appellant was neither convicted, nor sentenced, for the crime on which the claim was based. Appellant filed a *pro se* response, and the court formally dismissed the petition on June 9, 2025.

On July 23, 2025, in this Court at No. 616 WDA 2013, Appellant filed a document entitled "Petition for Review and/or Notice of Appeal" purporting to seek review of this Court's July 22, 2021 Order. On August 20, 2025, this Court determined that Appellant's filing, instead, meant to challenge the June 9, 2025 order, and directed the Prothonotary to docket, at a new docket number, the July 23, 2025 filing as a *pro se* notice of appeal taken from the June 9, 2025 PCRA court order denying relief.

Prior to addressing the merits of Appellant's appeal, we must first determine whether we have jurisdiction to consider it. **See Commonwealth v. Burks**, 102 A.3d 497, 500 (Pa.Super. 2014) (noting that this Court may raise the matter of jurisdiction *sua sponte*). A notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken. **See** Pa.R.A.P. 903(a). Appellant's current appeal, filed on July 23, 2025,[6] more than 30 days after the entry of the court's June 9, 2025 order, is patently

---

[6] We need not consider the application of the prisoner mailbox rule, as Appellant has completed his sentence and is no longer incarcerated.

untimely. ***See id.*** Appellant asserts no extraordinary circumstances or breakdown of court operations to excuse this untimely filing. ***See Commonwealth v. Patterson***, 940 A.2d 493, 498 (Pa.Super. 2007), *appeal denied*, 699 Pa. 691, 960 A.2d 838 (2008) (untimely notice of appeal requires dismissal absent extraordinary circumstances). Therefore, we must quash Appellant's appeal as untimely. ***See Patterson, supra***.

Given the nature of Appellant's multitudinous filings and repetitive claims, we nevertheless write, once again, to address his persistent argument that he is still "charged" at the underlying docket No. CP-02-CR-0004098-1989 and that these charges were obtained through fraud. As a prior panel of this Court explained to Appellant, the matter is moot:

> It is well-settled that an issue "is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect." ***Commonwealth v. Nava***, 966 A.2d 630, 633 (Pa.Super. 2009); ***see also Commonwealth v. Barr***, 79 A.3d 668, 677 n. 15 (Pa.Super. 2013) (Court will not decide moot or abstract questions). Here, the record confirms that Appellant was acquitted at CP-02-CR-0004098-1989 in 1991, such that any claims are moot. ***Commonwealth v. Booth***, 435 A.2d 1220, 1226 (Pa.Super. 1981); ***see also Commonwealth v. Weis***, 611 A.2d 1218, 1228 n. 9 (Pa.Super. 1992) (finding challenge to sufficiency of evidence moot where defendant was acquitted of underlying charge).

***Commonwealth v. Davis***, No. 995 WDA 2021, unpublished memorandum at 2 (Pa.Super. filed Jan. 28, 2022). We admonish Appellant for continuing to file frivolous litigation raising this point, although he has been repeatedly informed that he was **acquitted** of the charges at the docket and **does not**

"remain charged."  Accordingly, because Appellant's issue is moot, we quash

the appeal for this reason as well.[7]  *See Booth, supra*.

Appeal quashed.

_____

[7] Finally, although Appellant was never sentenced at this docket, we note for the PCRA court and any future panels of this Court that Appellant is no longer eligible for PCRA relief at any docket related to his 1992 judgment of sentence. Our Supreme Court has long held that

> to be eligible for relief under the PCRA, the petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime."  42 Pa.C.S.A. § 9543(a)(1)(i).  As soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition.  *Commonwealth v. Ahlborn*, 548 Pa. 544, 548, 699 A.2d 718, 720 (1997); *Commonwealth v. Matin*, 832 A.2d 1141, 1143 (Pa.Super. 2003)[.].  In addition, this [C]ourt determined in *Commonwealth v. Fisher*, 703 A.2d 714 (Pa.Super. 1997), that the PCRA precludes relief for those petitioners whose sentences have expired, regardless of the collateral consequences of their sentence.  *Id.* at 716 (citations omitted).

*Commonwealth v. Williams*, 977 A.2d 1174, 1176 (Pa.Super. 2009), *appeal denied*, 605 Pa. 700, 990 A.2d 720 (2010) (quoting *Commonwealth v. Hart*, 911 A.2d 939, 941-42 (Pa.Super. 2006)).  Instantly, Appellant is no longer serving his sentence.  As noted *supra*, his maximum sentence date expired on January 14, 2020, over six years ago.  Further, from Appellant's filings and from searches of the Department of Corrections Inmate Locator, he does not appear to be incarcerated or on parole.  Appellant's sentence did not include any term of probation.  Accordingly, Appellant is no longer eligible for PCRA relief at any docket related to the underlying crimes.  *See id.*

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 4/6/2026